David Chami, AZ Bar No. 027585
dchami@consumerattorneys.com
Michael Yancey, AZ Bar No. 37187
myancey@consumerattorneys.com
CONSUMER ATTORNEYS, PLC
8245 N. 85th Way
Scottsdale, Arizona 85258
T: (480) 626-2359

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aída Esmeralda Campos; Amy O'Neill; Autumn Byars; Beldaja Jama; Breanna Broker; Emma Davis; Fatima Jabardi; Guadalupe Chavez Morales; Harry Smith; Ian Sherwood; José Maciel; Michaela Koert; Mya Vallejo; Michael Phillips Clancy; Nolan Quinn; Noor Odeh; Rachel Lim; Rebecca Huang; Salam Jabaieh; and Zahra Alam, <br><br> *Plaintiffs,* <br><br> v. <br><br> Arizona Board of Regents d/b/a Arizona State University, a constitutionally created body corporate; Does I-X, <br><br> *Defendants.* | Case No. <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiffs Aída Esmeralda Campos, Amy O'Neill, Autumn Byars, Beldaja Jama, Breanna Broker, Emma Davis, Fatima Jabardi, Guadalupe Chavez Morales, Harry Smith, Ian Sherwood, José Maciel, Michaela Koert, Mya Vallejo, Michael Phillips Clancy, Nolan

Quinn, Noor Odeh, Rachel Lim, Rebecca Huang, Salam Jabaieh, and Zahra Alam (together as "Plaintiffs") bring this action against the Arizona Board of Regents ("ABOR") (d/b/a Arizona State University or "ASU") and Does I-X, and allege as follows:

## JURISDICTION AND VENUE

1. This Court has Jurisdiction to hear this matter pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983 because Plaintiffs allege a violation of the First Amendment to the United States Constitution.

2. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because Defendant is a public Arizona entity with the capacity to sue and be sued in its common name under applicable law in this Court and therefore resides in Arizona. Venue is also proper here pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in the District.

## PARTIES

3. Plaintiffs are students currently enrolled at Arizona State University.

4. Defendant ABOR is a constitutionally created body corporate established by the Arizona Constitution as the governing body for Arizona's state university system.

5. Plaintiffs do not know the true names, but are informed and believe, and on that basis allege, that the Defendants sued herein as Does I through X are in some manner legally culpable for the damages suffered by the Plaintiffs. On such information and belief, Plaintiffs allege that the list of Doe Defendants I-X includes officers, agents and employees of ABOR involved in the decision to unilaterally suspend Plaintiffs from enrollment at ASU following the events of April 26, 2024, and April 27, 2024.

6. All acts and omissions of Defendants as alleged herein are alleged to have been committed through agents of Defendants acting within the course and scope of their agency, including members of the ASU administration and members of the ASU campus police department.

## FACTS

7. On or about April 26, 2024, Plaintiffs joined a large group of like-minded

individuals in front of the conference center known as "Old Main" on the Tempe campus of ASU in order to peacefully protest the United States' involvement in current events taking place in the Middle East.

8. The protest format was that of a "sit in", where participants make their protest known through their presence, gathering in solidarity.

9. At no time were Plaintiffs violent, disruptive, or dangerous.

10. At no time did Plaintiffs assault, harass, or otherwise intimidate anyone.

11. The sit in protest lasted through the evening, until at or around 11:30pm ASU campus police began forcibly removing protesters and arresting any individuals who refused to voluntarily leave.

12. Plaintiffs were among those who refused to voluntarily leave and were consequently arrested on charges of trespassing.

13. From the outset ASU police made their intentions clear; they fully intended to break up any protest, peaceful or otherwise.

14. In fact, at or around 9am on the 26th, Plaintiff Harry Smith was arrested for no apparent reason. In fact, later that day the court and prosecutor dropped all charges against Plaintiff Smith for lack of any probable cause for the arrest.

15. Despite the charges being dropped, Mr. Smith has faced identical boiler plate charges by Defendant resulting in Mr. Smith being kicked out of his student housing rendering him temporarily homeless.

16. On or about April 28th, Plaintiffs began receiving messages from ASU administration informing them that their enrollment at the school had been suspended, effective immediately.

17. The messages further informed Plaintiffs that they were not permitted back on ASU campus grounds, on threat of arrest for trespassing.

18. The messages also informed Plaintiffs that they were prohibited from communicating with any ASU faculty or staff, including professors.

19. ASU's decision to suspend Plaintiffs, ban Plaintiffs from the ASU campus,

and prohibit communication with Plaintiffs' professors, made just as semester finals are about to be administered, has effectively made it inevitable that Plaintiffs will all fail their classes this semester.

20. Being suspended and banned from the campus, Plaintiffs cannot attend the semester finals in person.

21. Being prohibited from communicating with their professors, Plaintiffs cannot make arrangements to take the semester finals remotely.

22. ASU's disciplinary actions – related to the Plaintiffs' exercise of free speech – were taken without providing advanced written notice and without affording Plaintiffs the opportunity to review the evidence in support of ASU's allegations, confront any witnesses against them, to present a defense, or to call witnesses before an impartial person or panel, in violation of A.R.S. § 15-1866.

23. Further, ASU's disciplinary actions were taken without providing Plaintiffs the right to an appeal or the right to active assistance of counsel, in violation of A.R.S. § 15-1866.

24. ASU's decision to enact harsh, immediate disciplinary action without any recourse was based solely upon the anti-Israel message being communicated by Plaintiffs' protest.

25. There were fraternity members nearby partying, drinking, and videoing the events of the protests when Plaintiffs were arrested; ASU chose to arrest and discipline the protesters instead of the bystanders, demonstrating the targeted nature of ASU's actions.

26. ASU therefore retaliated against Plaintiffs on the basis of Plaintiffs' expression of protected free speech, and – absent immediate Court intervention – ASU's retaliation will have significant and detrimental effects on the Plaintiffs' academic futures and livelihoods.

## COUNT I – FIRST AMENDMENT RETALIATION
### 42 U.S.C. § 1983 – U.S. CONST. AMEND. I

27. Plaintiffs incorporate by reference all other paragraphs in this Complaint as

though fully alleged herein.

28. ABOR and Does I-X are persons as that term is used under 42 U.S.C. § 1983.

29. ABOR and Does I-X, in their individual capacity and as the final decision-making authority on behalf of ASU, were acting under the color of law when engaging in the actions set forth in the preceding paragraphs.

30. The actions set forth in the preceding paragraphs deprived Plaintiffs of their right to be free from retaliation for exercising their First Amendment rights under the United States Constitution.

31. The peaceful sit-in in which Plaintiffs engaged is a constitutionally protected activity that did not involve substantial disruption of or material interference with school activities.

32. Suspending Plaintiffs indefinitely, banning Plaintiffs from setting foot on campus, and prohibiting Plaintiffs from communicating with their professors just prior to the administration of final exams, all for engaging in a peaceful sit-in, would chill a person of ordinary firmness from continuing to engage in the constitutionally protected activity.

33. The Plaintiffs' act of participating in a peaceful sit-in to bring attention to politically significant actions on the part of the United States government – including sending aid to Israel – was a substantial or motivating factor in Defendants' decision to punish and suspend Plaintiffs from enrollment at ASU.

34. As a direct and proximate result of Defendants' actions, Plaintiffs have suffered and will continue to suffer harm, including damage to their academic standing, perceived character and standing in the community, and future prospects, as well as emotional and psychological distress, in amounts to be determined by the jury.

35. Additionally, due to the wanton and outrageous conduct of Defendants, Plaintiffs ask that punitive damages be imposed in amounts to be determined by the jury.

36. Finally, Plaintiffs' claims arise under 42 U.S.C. § 1983. As an action to enforce this provision and seek redress for a violation of civil rights, Plaintiffs are entitled to an award of reasonable costs and attorneys' fees in an amount to be deemed reasonable

by this Court pursuant to 42 U.S.C. § 1988 in the event that Plaintiffs prevail at trial.

## **JURY DEMAND**

Plaintiffs hereby demand trial by jury for all issues and claims raised in this Complaint.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs demand judgment against the Defendants, and each of them, for the violations of Plaintiffs' constitutional rights as follows:

1. Preliminary injunctive relief requiring that Defendants revoke all disciplinary actions taken against Plaintiffs arising out of the events of April 26, 2024, and April 27, 2024, until such time as the constitutionality of such actions are determined;
2. Final injunctive relief requiring that Defendants permanently revoke all disciplinary actions taken against Plaintiffs arising out of the events of April 26, 2024, and April 27, 2024;
3. Money damages to fairly and reasonably compensate plaintiffs for the deprivation of their rights, including compensatory, consequential, and presumed damages;
4. Punitive damages against the individual Defendants in an amount to be determined by the trier of fact;
5. A declaration that Defendants violated Plaintiffs' constitutional rights;
6. Pre-judgment and post-judgment interest;
7. Attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and
8. Any such other and further relief as the Court deems just and proper.

//

//

1  Respectfully submitted this 30th day of April 2024,

/s/David Chami
David Chami, AZ Bar No. 027585
dchami@consumerattorneys.com
Michael Yancey, AZ Bar No. 37187
myancey@consumerattorneys.com
CONSUMER ATTORNEYS, PLC
8245 N. 85th Way
Scottsdale, Arizona 85258
T: (480) 626-2359

Attorneys for Plaintiffs