# EXHIBIT A

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Aida Esmeralda Campos, et al., | No. 2:24-CV-00987-JJT |
| Plaintiffs, | **PROPOSED PROTECTIVE ORDER** |
| v. | |
| Arizona Board of Regents, et al., | |
| Defendants. | |

Under Federal Rule of Civil Procedure 26(c) and the parties' stipulation [Doc. 49], the Court recognizes that the parties anticipate that documents, testimony, or information containing or reflecting non-public, confidential information are likely to be disclosed or produced during discovery. The parties agree to be bound by this Protective Order's terms to (a) facilitate document production and disclosure and (b) protect their respective interests—and certain third parties' interests—in their confidential information. The parties acknowledge that this Order does not confer blanket protection on all disclosures and does not presumptively entitle parties to file confidential information under seal.

Accordingly, **IT IS ORDERED** that the parties' stipulation (Doc. 49) is granted and the following provisions shall be enforced.

**Definitions**

1. "Material" means any document, data compilation, testimony, transcript, recording, correspondence, electronically stored information, tangible thing, or other information in any form, whether oral, written, or demonstrative, produced or disclosed in this action, whether voluntarily or through any means of discovery or disclosure, and whether by a party or non-party. "Material" also includes copies or portions of any of the above, as well as any excerpts, abstracts, summaries, descriptions, or other forms of information derived from, containing, or reflecting information gleaned from the above.

2. Material is "Confidential" when it contains or reveals non-public, confidential information, including any personal, sensitive, financial, or proprietary information not generally available to the public. Confidential Material also includes any information that (a) a party is required by law to keep confidential or (b) relates or refers to current or former students enrolled at Arizona State University except Plaintiffs.

3. "Producing Party" means a party or non-party who produces, discloses, or otherwise makes available Material.

4. "Receiving Party" means a party who receives Material.

**Scope of Protective Order**

5. This Protective Order ("Protective Order" or "Order") governs any Material furnished by any party to any other party. It also governs any Material furnished by any non-party who receives a subpoena in connection with this action.

**Designation and Maintenance of Confidential Material**

6. A Producing Party may designate any Material that the Producing Party believes in good faith is Confidential as Confidential Material. Once designated, the Material must be treated as Confidential under this Order's terms until the designation is withdrawn by the Producing Party or removed by an order of this Court.

7. Material may be designated as Confidential by placing a "CONFIDENTIAL" stamp or label on each page containing Confidential Material.

8. Disclosure statements under Federal Rule of Civil Procedure 26 or orders of this Court, as well as responses to requests for admissions, interrogatories, and requests for production of documents under Federal Rules of Civil Procedure 26, 33, 34, and 36, may be designated as Confidential by placing a "CONFIDENTIAL" stamp or label on the first page of the document and on each page containing Confidential Material.

9. Whenever a deposition taken on behalf of any party involves the disclosure of Confidential Material:

    a) A party or non-party may designate information disclosed at the deposition as Confidential by requesting the court reporter to designate the transcript, or any portion thereof, at the deposition.

    b) If no such designation is made at the deposition, then any party and any non-party being deposed will have 30 calendar days after the date of the deposition to designate, in writing to the other parties and to the court reporter, the transcript, or any portion thereof, as Confidential. During this 30-day period, the transcript and exhibits must be treated as Confidential unless the parties and deponent consent to less confidential treatment. If no designation is made at the deposition or within this 30-day period, then the entire deposition will be considered to lack Confidential Material.

    c) Each party (and the deponent non-party if applicable) and the court reporter must attach a copy of any timely designation notice to the transcript and each copy of the transcript in its possession, custody, or control, and the portions designated in such notices must thereafter be labeled with the "CONFIDENTIAL" stamp and treated in accordance with this Order.

    d) A good faith review of the entire deposition transcript is required before the transcript may be designated as Confidential. The reviewing party must have a good faith basis for designating an entire transcript as Confidential.

10. A Receiving Party may designate any Material produced by a Producing Party that it believes in good faith is Confidential as Confidential Material within 30 calendar days after the date of production by providing written notice of the designation to the Producing Party. Within 15 calendar days of the written notice, the Producing Party must either (a) reproduce each page of the Confidential Material with a "CONFIDENTIAL" stamp or label on each page containing Confidential Material or (b) follow the procedure set out in Paragraph 14 for objecting to a Confidential designation.

11. Material with a Confidential designation may not be disclosed by the Receiving Party to anyone besides those persons designated within this Order, must be handled in the manner set out below, and may not be used for any purpose other than for the prosecution or defense of this litigation, unless and until the designation is withdrawn by the Producing Party or removed by an order of this Court.

12. It is the responsibility of counsel for each party (and counsel for the non-party deponent if applicable) to maintain Material with a Confidential designation in a secure manner and appropriately identified to allow access to such Material only to the persons and under the terms permitted under this Order.

**Inadvertent Failure to Designate**

13. Except as provided in Paragraph 9, a Producing Party's inadvertent failure to designate Material as Confidential will not constitute a waiver of the right to designate Material as Confidential, provided that (a) the Material is designated as Confidential under this Order's procedures and (b) counsel for all parties are notified in writing no later than 14 calendar days after the date of production of the Material or 14 calendar days after the close of all discovery, whichever is later. The Material must be treated as Confidential from the time that the Receiving Party is notified of the designation.

**Challenges to Designations**

14. At any stage of these proceedings, any party may object to a designation of Material as Confidential. The party objecting to confidentiality must notify, in writing, counsel for the Producing Party of the objected-to Material and the grounds for the

-4-

objection. If the dispute is not resolved consensually between the parties within 14 calendar days of receipt of such a notice of objections, then the objecting party may move the Court for a ruling on the objection. In the event that any party files a motion challenging the designation or redaction of information, the Material shall be submitted to the Court, under seal, for an in-camera inspection. The Material at issue must be treated as Confidential, as designated by the Producing Party, until the Court has ruled on the objection or the matter has been otherwise resolved.

**Disclosure and Use of Confidential Material**

15. The Receiving Party may not disclose or permit disclosure of any Confidential Material to any other person or entity, except to:

    a) The parties to this action, including officers of the parties, the parties' board of directors, and employees of the parties who have a need to know the information for purposes of prosecuting or defending this action;

    b) Counsel, including in-house counsel, for the parties to this action;

    c) Supporting personnel employed by counsel, including in-house counsel, for the parties to this action, like paralegals and legal secretaries, whom disclosure of Confidential Material is reasonably necessary for purposes of prosecuting or defending this action;

    d) Actual or potential consulting or testifying experts retained by a party to assist that party or its counsel, and the expert's employees or support staff, to the extent reasonably necessary to provide assistance;

    e) Any person shown on the face of a document to be its author or co-author, and any person identified on the face of a document as one to whom a copy of such document was sent before its production in this action;

    f) Litigation vendors, court reporters, videographers, and other litigation support personnel;

    g) This Court and any Court employee with responsibility over any aspect of this litigation;

        h)    Any person to whom the parties agree in writing in advance of disclosure; and

        i)    Any other person to whom this Court permits or orders disclosure.

16. No Confidential Material may be disclosed to any person in accordance with Paragraph 15, subsections (d), (e), or (h), unless the person has agreed to be bound by this Order's terms by signing the Confidentiality Agreement attached as <u>Exhibit A</u>. Counsel must retain the signed Confidentiality Agreements that they obtain and must provide copies to the other parties on request.

17. All Confidential Material must be held in confidence by those inspecting or receiving it. In addition, counsel for each party, and each person receiving Confidential Material, must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of the Confidential Material. Counsel for each party must inform their respective clients—the parties to this action—of their obligations under this Order. If Confidential Material is disclosed to any person besides a person authorized by this Order, then the party responsible for the disclosure must, on discovery of the disclosure, immediately inform the Producing Party whose designated information is disclosed of all facts pertinent to the disclosure, including the name, address, and employer of the person to whom the disclosure was made. The party responsible for the disclosure must also take all reasonable steps to prevent any further disclosure of the Confidential Material.

18. This Order does not limit in any way a Producing Party's use or disclosure of its own Material.

**Non-Party Material**

19. Any party who serves a subpoena on a non-party must simultaneously serve a copy of this Order with the subpoena. If a subpoena has already been served, then the party who served the subpoena must serve a copy of this Order on the non-party within 10 calendar days of this Court's entry of this Order.

20. Any non-party who produces Material, including documents and electronically stored information, in this action may designate the Material that it produces as Confidential under this Order's terms in the same manner as the parties.

21. Any party may challenge a non-party's Confidential designation in the same manner as the parties may challenge Confidential designations by each other.

## Filing Documents with the Court

22. If any party or non-party wishes to file or submit Confidential Material to this Court, or to discuss or reference Confidential Material in a court filing, then the filing party must meet and confer with the other parties (and any designating non-party) before doing so. The parties must discuss whether the Confidential designation may be removed, whether the Material can be redacted to remove the protected information in a manner deemed sufficient by all parties (and any designating non-party), or whether a motion to seal is warranted. If the parties are unable to fully resolve any dispute at the meet and confer, then the filing party must follow the procedures set out in Local Rule 5.6 for seeking permission to file the Confidential Material under seal.

23. The parties are advised that the showing to be made to file Confidential Material under seal is higher than the standard for entry of this Protective Order. The designation of Material as Confidential under this Order does not automatically entitle the Producing Party to have the Confidential Material filed under seal. The party seeking leave of Court must show "compelling reasons" (when the motion is more than tangentially related to the merits) or "good cause" for filing Confidential Material under seal. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016). The party seeking to file Confidential Material under seal also must, within the applicable deadline, file a redacted, unsealed version of any document if the party is waiting for a ruling from this Court on filing an unredacted, sealed version of the same document.

**Conclusion of Litigation**

24. This Order will survive the termination of this litigation. This Court retains and shall have continuing jurisdiction over the parties and recipients of Confidential Material for enforcement of this Order's provisions following termination of this action.

25. Within 45 calendar days of the final termination of this action, including any appeals, all Confidential Material and any copies thereof must be returned to the Producing Party or destroyed by the Receiving Party. Nothing in this paragraph prevents the Receiving Party's counsel from maintaining a complete copy of documents for its file consistent with the Arizona Rules of Professional Conduct on the condition that the Material will remain Confidential.

**General Provisions**

26. Transmission by email is acceptable for all notification purposes contemplated by this Order.

27. This Order may be modified by agreement of the parties, subject to approval by this Court.

28. This Court may modify this Order's terms and conditions for good cause at any time in these proceedings.

**EXHIBIT A – CONFIDENTIALITY AGREEMENT**

I have reviewed and read the Protective Order dated _____, 2024 ("Order") entered by the Court in *Aida Esmeralda Campos, et al. v. Arizona Board of Regents, et al.*, United States District Court for the District of Arizona, Case No. CV-24-00987. I am familiar with the Order's terms and agree to comply with and be bound by its terms.

"Confidential Material," as that term is defined in the Order, is being provided to me under the Order's terms and restrictions. I agree not to use any Confidential Material disclosed to me except for purposes of the above-captioned litigation. I also agree not to disclose or discuss any of this Confidential Material with any person besides the persons specifically authorized by the Order. I will return all Confidential Material to the attorney who provided it to me, on request of that attorney, and I will not retain any copies of the Confidential Material or any information contained within the Confidential Material.

Date: _____

By: _____

Name: _____

Title: _____