**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aida Esmeralda Campos, *et al.*, | No. CV-24-00987-PHX-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| Arizona Board of Regents, *et al.*, | |
| Defendants. | |

At issue is Plaintiffs' Motion to De-Designate Law Enforcement Bodycam Footage as Confidential (Doc. 59, Motion), to which non-party ASU Police Department (ASU PD) filed a Response (Doc. 62, Response) and Plaintiffs filed a Reply (Doc. 63, Reply). The Court finds this matter appropriate for resolution without oral argument. *See* LRCiv 7.2(f). For the reasons set forth below, the Court grants Plaintiffs' Motion in part and denies it in part.

**I.   Background**

Plaintiffs are a group of students who allege that various individuals and entities associated with Arizona State University (ASU) violated 42 U.S.C. § 1983 by illegally retaliating against Plaintiffs for their participation in a self-described anti-Israel protest that occurred on ASU's campus earlier this year. In brief, on April 26, 2024, Plaintiffs attended a protest on ASU's campus. Around 11:30 p.m., ASU PD intervened to disband the protest. The parties dispute the motive and manner of ASU PD's dispersal of the protesters, including the reason for the dispersal, the extent to which the police used force, and the

extent to which the protesters refused to comply with the police's orders. Some of the protesters were arrested. Shortly thereafter, ASU imposed a raft of disciplinary measures on some of these arrestees. Not all of the individuals present at the protest were arrested, and it is unclear whether all of the arrestees were subjected to disciplinary measures by ASU. Plaintiffs comprise only a subset of the arrestees subjected to disciplinary measures. Plaintiffs assert that both ASU PD's law-enforcement actions and ASU's subsequent disciplinary actions were invalid, pretextual, retaliatory, and in fact motivated by the anti-Israel tenor of Plaintiffs' speech.

Plaintiffs initially brought suit against the Arizona Board of Regents and a number of unnamed "Doe" defendants. (*See* Doc. 1.) Soon thereafter, Plaintiffs amended their complaint to name three individual ASU administrators as defendants, but the complaint continued to assert the existence of multiple unknown Doe defendants. (*See* Doc. 23.) Plaintiffs then voluntarily dismissed the Arizona Board of Regents as a defendant, (*see* Doc. 28), and moved for leave to conduct limited early discovery to ascertain the identify of the unknown Doe defendants, (*see* Doc. 31). Defendants then filed a motion to dismiss. (*See* Doc. 32.) The Court granted Plaintiffs' motion for limited early discovery, (*see* Doc. 44), but Defendants' motion to dismiss remains pending. The parties also requested that the Court enter a stipulated protective order governing discovery in this case. (*See* Doc. 51.) The Court acquiesced to the parties' joint request and entered a protective order permitting a producing party to designate as confidential any material that, *inter alia*, "relates or refers to current or former students enrolled at Arizona State University except Plaintiffs." (*See* Doc. 52 at 2.) Discovery production properly designated as confidential may not be further disseminated to anyone, except to a narrow set of persons not relevant here. (*See* Doc. 52 at 5.) The stated purpose of the stipulated protective order is "to (a) facilitate document production and disclosure and (b) protect [the parties'] respective interests—and certain third parties' interests—in their confidential information." (*See* Doc. 52 at 1.) In order to identify potential Doe defendants, Plaintiffs propounded discovery requests upon non-party ASU PD seeking bodycam footage from the protest,

1  and ASU PD produced the requested video. ASU PD designated the bodycam footage as
2  confidential on the basis that it relates or refers to current or former ASU students other
3  than Plaintiffs. Plaintiffs assert that the bodycam video is not properly confidential, and
4  they have moved the Court to de-designate the video as such.

5  **II.      Legal Standard**

6  The parties dispute the legal standard that governs a motion to de-designate
7  discovery material as confidential.

8  There exist two interrelated rights of access held by the public with respect to
9  documents produced during discovery: (1) a right of access created by the Federal Rules
10 of Civil Procedure (FRCP) and (2) a right of access extant under federal common law. *See*
11 *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002)
12 (describing the "common law right of access" as "a separate and independent basis" from
13 that embodied by Rule 26(c)); *San Jose Mercury News, Inc. v. U.S. District Court*, 187
14 F.3d 1096, 1101–02 (9th Cir. 1999) (declining to address whether the public holds a First
15 Amendment right of access to discovery documents in light of the conclusion that the
16 public holds both an FRCP right and a common-law right).

17 Under Rule 26(c), a district court "may, for good cause, issue an order to protect a
18 party or person from annoyance, embarrassment, oppression, or undue burden or expense"
19 relating to discovery. Thus, even though "[i]t is well-established that the fruits of pretrial
20 discovery are, in the absence of a court order to the contrary, presumptively public," a
21 district court may "override this presumption where 'good cause' is shown." *San Jose*
22 *Mercury News*, 187 F.3d at 1103. Ordinarily, "[f]or good cause to exist, the party seeking
23 protection bears the burden of showing specific prejudice or harm will result if no
24 protective order is granted." *Phillips*, 307 F.3d at 1210–11. If that showing is made, the
25 district court must then "balance[] the public and private interests to decide whether a
26 protective order is necessary." *Id.* The Ninth Circuit has adopted a set of factors from the
27 Third Circuit that are germane to the balancing of public and private interests. *Id.* (citing
28 *Glenmede Tr. Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995)).

Much of the caselaw addressing protective orders assumes that the imposition of such an order occurs in an adversarial setting such that one party must make a showing of good cause over the other party's opposition. In many cases, however, parties stipulate to entry of a protective order.

> While courts generally make a finding of good cause before issuing a protective order, a court need not do so where (as here) the parties stipulate to such an order. When the protective order "was a stipulated order and no party has made a 'good cause' showing," then "the burden of proof remains with the party seeking protection." *Phillips*, 307 F.3d at 1211 n.1. If a party takes steps to release documents subject to a stipulated order, the party opposing disclosure has the burden of establishing that there is good cause to continue the protection of the discovery material.

*In re Roman Cath. Archbishop of Portland in Or.* (*Archbishop*), 661 F.3d 417, 424 (9th Cir. 2011) (cleaned up). A district court considering continuation of a stipulated protective order applies the same two-step process as would a court contemplating the initial imposition of an adversarial protective order: namely, a determination of good cause followed by a balancing of the public and private interests. *Id.*

If there is no basis under the FRCP to preclude disclosure, then the analysis is at an end, and the discovery documents must be disclosed. *Phillips* 307 F.3d at 1212. However, if good cause to issue a protective order under Rule 26(c) does exist, then the district court must consider whether disclosure is nonetheless required under the longstanding right of access that obtains under federal common law. *Id.* "Not only can the public generally gain access to unprotected information produced during discovery, but it also has a federal common law right of access to all information filed with the court." *Id.* The trigger for the common-law right of access is a nexus between a litigation-related court filing and the sought-after discovery. Once triggered, the common-law presumption of public access applies with differing degrees of force in different circumstances. When discovery documents are relevant to a *dispositive* motion, the party seeking to maintain secrecy of those documents "must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir.

2006). However, "[a] 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to *non-dispositive* motions." *Id.* (emphasis added). Although the foregoing statement from *Kamakana* seems to imply that a party seeking to preserve an extant protective order must make a *new* showing of good cause upon the opposing party's attempt to disclose the relevant documents, the Ninth Circuit has since clarified that the *original* determination of good cause suffices to maintain protection of information related to non-dispositive court filings. *Archbishop*, 661 F.3d at 429–30 (9th Cir. 2011). "In such a case, the burden is on the party seeking disclosure to 'present sufficiently compelling reasons why the sealed discovery document should be released.'" *Id.* (quoting *Phillips*, 307 F.3d at 1213). However, although there is no common-law presumption of public access applicable to a discovery document subject to a protective order *predicated upon a finding of good cause* and attached to a non-dispositive motion, the Ninth Circuit has "not yet ruled on whether discovery documents subject to a *stipulated* protective order and attached to a non-dispositive motion, as in this case, fall within this exception." *Id.* (emphasis in original). It bears repeating this distinction between the different treatments given stipulated and non-stipulated protective orders under both the FRCP right of access and the common-law right of access, as the holding from *Archbishop* can easily be misunderstood.

To reiterate, when considering the continuance of a stipulated protective order under the principles of the right of access contained in Rule 26(c), a district court in this Circuit must place the burden of demonstrating good cause on the party opposing disclosure. *Id.* at 424. In contrast, it remains an open question in this Circuit upon whose shoulders a district court should place the burden of proof when the court considers whether to continue a (non-dispositive) stipulated protective order under the principles of federal common law, but there is some indication that the burden would rest on the party seeking disclosure, as that is the party who bears the burden when the existing protective order was issued pursuant to a finding of good cause. *Id.* at 429–30.

Finally, where discovery materials are not pertinent to any litigation-related filing, the common-law presumption of access does not apply. *See Seattle Times Co. v. Rhinehart*,

467 U.S. 20, 33 (1984) (holding that "restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information"); *see also Kamakana*, 447 F.3d at 1180 (explaining that the "compelling reasons" standard applies to dispositive motions and the "good cause" standard applies to non-dispositive motions, but declining to address what standard applies to discovery information unrelated to any motion).

In this case, Plaintiffs seek to publicly disclose materials obtained via early discovery that are (1) currently subject to a stipulated protective order and (2) are not germane to any litigation-related filing. Therefore, the applicable legal standard is as follows. Because the relevant protective order was a *stipulated* order, ASU PD bears the burden of showing that good cause exists under Rule 26(c) to maintain protection of the subject police bodycam footage. If ASU PD carries that burden, it prevails. The common-law right of access does not exist here, as the bodycam footage remains unassociated with any litigation-related filing. Thus, contrary to Plaintiffs' assertion, the "compelling reasons" standard is inapposite here. (*See* Motion at 2.) Instead, the two-step "good cause" standard governs. And although Plaintiffs are incorrect that the party opposing disclosure bears the burden of proof in *all* instances, (*see* Motion at 2–3), Plaintiffs are correct that ASU PD bears the burden in this case.

### III. Discussion

In order to establish the threshold showing of good cause for continued protection, ASU PD must demonstrate that "particularized harm will result from disclosure of information to the public." *Archbishop*, 661 F.3d at 424 (quoting *Phillips*, 307 F.3d at 1211). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Id.* (cleaned up) (quoting *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)).

In attempting to show good cause for continued protection, ASU PD's primary argument is simply that the designated video falls within the express scope of the stipulated protective order. (*See, e.g.*, Response at 2 (describing the ambit of the protective order as

"dispositive"); Response at 5 ("Plaintiffs now try to pull the rug out from under ASU PD for reasonably relying on the order to which Plaintiffs stipulated."); Response at 5 ("The motion does not mention the protective order's terms, but those terms are dispositive."); Response at 5 ("Plaintiffs cannot simply disregard the protective order to which they stipulated and on which ASU PD reasonably relied.").) This argument, although logical, conflicts with Ninth Circuit precedent.[1] As noted, where a confidentiality designation is predicated upon a stipulated protective order, the party seeking to uphold the designation bears the burden of demonstrating that particularized harm will result from disclosure. *Archbishop*, 661 F.3d at 424. The producing party's good-faith reliance on the stipulation is insufficient to carry that burden. *See Orthopaedic Hosp. v. DJO Glob., Inc.*, No. 3:19-CV-00970-JLS-AHG, 2020 WL 7625124, at *2 (S.D. Cal. Dec. 22, 2020) (finding an argument in favor of protection unpersuasive where "Defendants made no effort to argue that good cause exists other than to note that the documents were designated as highly confidential under the stipulated protective order"); A*ya Healthcare Servs., Inc. v. AMN Healthcare, Inc.*, No. 17CV205-MMA (MDD), 2020 WL 1911502, at *8 (S.D. Cal. Apr. 20, 2020) ("An agreement to treat information designated by a third party as confidential under a protective order is insufficient to justify sealing the information."). Therefore, under this Circuit's precedent, the fact that the bodycam footage falls within the express ambit of the stipulated protective order does not *ipso facto* merit continued protection. ASU PD must mount a particularized showing of good cause.

ASU PD's second argument is that the bodycam footage portrays personally identifying information, including "dates of birth and addresses for non-party arrestees,"

---

[1] The only case cited by ASU PD in support of its assertion that the stipulated protective order is itself dispositive of the Rule 26(c) analysis is one from outside this Circuit. (*See* Response at 5 (citing *Trooper 1 v. N.Y. State Police*, No. 22-CV-893 (LDH) (TAM), 2024 WL 1349122, at *11–13 (E.D.N.Y. Mar. 29, 2024)).) Moreover, that case does not stand for the proposition that the terms of a protective order are always dispositive. Rather, *Trooper 1* holds that the terms of a protective order are an important factor where the party opposing disclosure has demonstrated reliance on those terms. WL 1349122, at *11–13. According to ASU PD, its reliance on Plaintiffs' stipulation took the form of producing unredacted bodycam footage, rather than limiting or redacting the portions of the video that contain private information. (Response at 5.) Therefore, to the extent ASU PD's reliance on the protective order weighs against disclosure, it does so on a targeted basis, not a blanket basis. The Court considers the possibility of redaction below.

as well as the more generally embarrassing depiction of "non-party ASU students (and likely former students) as arrestees, witnesses, and bystanders." (Response at 3.) "There is thus non-party arrestee [personally identifying information] in both verbal and written form throughout the body camera footage." (Response at 6.)

The presence of non-party personally identifying information in the video evidence unquestionably constitutes good cause for protection, and Plaintiffs do not meaningfully argue otherwise. (*See* Reply at 5 (stating that "an order from the Court precluding public access to portions of the footage which include [personally identifying information] of non-parties would [] completely address this concern").) Plaintiffs assert that the private information contained in the video is minimal and readily susceptible of redaction. (Motion at 4.) Plaintiffs' position aligns with the law of this Circuit. *See Archbishop*, 661 F.3d at 425 ("But even when the factors in this two-part test weigh in favor of protecting the discovery material (i.e., where the court determines that disclosure of information may result in 'particularized harm,' and the private interest in protecting the discovery material outweighs the public interest in disclosure), a court must still consider whether redacting portions of the discovery material will nevertheless allow disclosure."). Plaintiffs raised the possibility of a redactive cure in their Motion, (*see* Motion at 4), and ASU PD has not contested the possibility of such a remedy. Moreover, the Court can balance the equities by tasking Plaintiffs with the initial redaction such that ASU PD is burdened only with approving or contesting Plaintiffs' excisions. Therefore, the Court concludes that the specific instances of personally identifying information in the bodycam footage do not constitute good cause to preserve the confidentiality designation *in toto*.

The possibility that non-parties shown in the bodycam footage may be embarrassed by their depiction "as arrestees, witnesses, and bystanders" presents a different and more general issue than that presented by discrete portrayals of personally identifying information. Plaintiffs cite caselaw establishing the proposition that there is "no objectively reasonable expectation of privacy that would preclude video surveillance of activities already visible to the public." (*See* Motion at 4 (quoting *United States v. Gonzalez*, 328

F.3d 543, 548 (9th Cir. 2003)).) From that premise, Plaintiffs derive the argument that "the very legal principle which permits law enforcement to record public interactions precludes a finding that those persons recorded in a public location have privacy interests that need protection." (Motion at 3–4.) The Court finds this reasoning persuasive, and ASU PD fails to rebut the argument in any event. Therefore, the Court concludes that the mere physical depiction of non-parties in a public setting does not weigh in favor of preserving the confidential status of the bodycam footage.

ASU PD's final argument is that the confidentiality designation should be preserved because Plaintiffs seek to publicize the bodycam footage, rather than use it to identify Doe defendants. This argument fails for two reasons. First, ASU PD cannot satisfy its burden of justifying secrecy by simply shifting it onto Plaintiffs' shoulders via a request that Plaintiffs defend their intended use of the information. After all, discovery documents are presumptively public under Rule 26(c), and this presumption applies to information discovered from non-parties. *See* Fed. R. Civ. P. 26(c) (providing that the Court may issue an order protecting "[a] party *or any person* from whom discovery is sought" (emphasis added)). Second, mere publication to the public is not an improper use of information that is presumptively accessible by the public. Were it otherwise, the presumption of public access would be illusory.

The Court notes that the requirements of Rule 26(c) do not exhaust the Court's concerns with the issue before it. The Court is charged with the fair administration of this lawsuit, to include ultimately ensuring a fair trial before an impartial jury of peers, should the case so require. To that end, the Court will guard against the danger of pretrial publicity in the form of statements prohibited by ER 3.6 of the Arizona Rules of Professional Conduct. While Rule 26(c) permits conveyance of the bodycam footage adequately redacted, ER 3.6 nonetheless bars extrajudicial statements by counsel, either accompanying the video or separate from but referring to it, that counsel knows or reasonably should know will have a substantial likelihood of materially prejudicing an adjudicative proceeding in the matter, including any future trial.

IV. **Conclusion**

It is uncontested that there exists good cause under Rule 26(c) to prevent disclosure of discrete depictions of personally identifying information in ASU PD's bodycam footage. Because Plaintiffs do not contest the propriety of preserving the secrecy of those portions of the video evidence displaying personally identifying information of non-parties, the Court need not conduct the second step of the Rule 26(c) analysis. The Court will sustain the confidentiality of such information. However, the secrecy of that information can be maintained through targeted redaction. ASU PD has failed to establish the threshold showing that particularized harm would attend public disclosure of the remainder of the bodycam footage. Therefore, the Court will order the confidentiality designation thereof withdrawn.

**IT IS THEREFORE ORDERED** granting in part and denying in part Plaintiffs' Motion to De-Designate Law Enforcement Bodycam Footage as Confidential (Doc. 59).

**IT IS FURTHER ORDERED** directing Plaintiffs to prepare a redacted version of the relevant video evidence that removes all discrete depictions of non-party personally identifying information. Consistent with this Order, mere physical depiction of persons in a public setting does not constitute personally identifying information requiring redaction. Plaintiffs shall provide to ASU PD the redacted version of the relevant video evidence. ASU PD shall then have ten (10) days from the date of receipt within which to either approve the redacted video or request further redaction. Upon mutual approval, the parties shall jointly file a notice with the Court, at which point the Court will issue an Order de-designating the redacted video as confidential. **Until such time, the confidentiality designation applies with full force, and no disclosures shall be made.** In the event that a dispute arises as to the sufficiency of the redaction that cannot be resolved through sincere personal consultation, the parties shall jointly file (1) a brief written summary of the dispute, not to exceed three pages per side, with an explanation of the position taken by each side; (2) a joint written certification that counsel or the parties have attempted to resolve the matter through sincere personal consultation and sincere effort as required by

LRCiv 7.2(j) and have reached an impasse; and (3) a submission of the relevant video filed under seal for *in camera* review. Upon review of the filed written summary of the dispute, the Court may set a telephonic conference, order written briefing, or decide the dispute without conference or briefing.

**IT IS FURTHER ORDERED** directing Plaintiffs to file within five (5) days of the date of this Order a status update indicating a date by which limited early discovery shall be complete.

Dated this 20th day of December, 2024.

Honorable John J. Tuchi
United States District Judge

- 11 -