RACHEL H. MITCHELL
MARICOPA COUNTY ATTORNEY

By:    JOSEPH I. VIGIL (018677)
       CHARLES E. TRULLINGER (018936)
       MAXINE S. MAK (031158)
       vigilj@mcao.maricopa.gov
       trullinc@mcao.maricopa.gov
       makm@mcao.maricopa.gov
       Deputy County Attorneys

CIVIL SERVICES DIVISION
225 West Madison Street
Phoenix, Arizona 85003
Telephone (602) 506-8541
Facsimile (602) 506-4317
ca-civilmailbox@mcao.maricopa.gov
MCAO Firm No. 00032000

*Attorneys for Defendant Sheridan*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aída Esmeralda Campos, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>Arizona Board of Regents, *et al.*,<br><br>Defendants. | No. CV-24-00987-PHX-JJT<br><br>**DEFENDANT JERRY SHERIDAN'S MOTION TO DISMISS** |

Defendant Maricopa County Sheriff Jerry Sheridan moves to dismiss Plaintiffs' Second Amended Complaint ("SAC") for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure because the SAC fails to plead facts establishing plausible official or individual capacity claims against him. Pursuant to Local Rule of Civil Procedure 12.1(c) a Certificate of Conferral is attached hereto as Exhibit A.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    Plaintiffs' allegations.

Plaintiffs are current or former students at Arizona State University ("ASU") who

1

assert that their First Amendment rights were violated when they were academically suspended for participating in protests at the ASU campus in Tempe. (Doc. 75, ¶¶ 5, 70-75, 80, 86-90.) Two Plaintiffs, Harry Smith and Michael Phillips Clancy further allege that they were arrested without probable cause. (*Id.*, ¶ 98.) Leading up to April 26, 2024, ASU leadership and the ASU Police Department ("ASU PD") prepared to manage protests which could occur at ASU. (*Id.*, ¶ 46.) On the morning of April 26, 2024, ASU PD informed the Maricopa County Sheriff's Office ("MCSO") that it "planned to arrest between 75-100 individuals from a protest," and requested that the MCSO assist with transporting the arrestees. (*Id.*, ¶ 54.) Plaintiffs Smith and Clancy were arrested by ASU PD officers and criminal charges against them were dropped later that day. *Id.*, ¶ 67-69. The remaining Plaintiffs participated in a "sit in" protest at the ASU Tempe campus. (*Id.*, ¶¶ 57-58.) Around 11:30 p.m., ASU PD began to disperse protesters and those who refused to leave were forcibly removed or arrested. *Id.*, ¶ 61. Plaintiffs were arrested and charged with trespassing. *Id.*, ¶ 62. The MCSO transported those arrested (including Plaintiffs) to jail facilities. *Id.*, ¶ 63.

Plaintiffs' Second Amended Complaint asserts two counts:

- Count One asserts violations of 42 U.S.C. § 1983 against "Individual Defendants." (*Id.*, ¶¶ 12-13.)
- Count Two asserts first amendment violations of Students' Free Speech Rights (A.R.S. § 15-1864) against ABOR and "Individual Defendants Employed By Or Representing ABOR." (*Id.*, ¶¶ 13-16.)

Defendant Jerry Sheridan is being sued in his official capacity as the Sheriff of Maricopa County. (*Id.* at ¶ 13.) Neither count contains allegations asserting an official capacity claim against the Sheriff.

## II.    Legal standard.

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "[d]ismissal is proper when the complaint does not make out a cognizable legal theory or does not allege sufficient

facts to support a cognizable legal theory." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (Quotation marks omitted)). When evaluating whether a complaint states a claim, the allegations of the complaint are accepted as true, and the pleadings are construed in the light most favorable to the nonmovant. *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007). To survive a motion to dismiss, a complaint must state a claim that is "plausible on its face." *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

**III.    Plaintiffs failed to state a claim against Sheriff Sheridan.**

        **A.    There are no allegations showing that MCSO policy or practice caused their alleged injuries.**

Sheridan is named in his official capacity. Official capacity claims are "another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). A government entity may not be held liable under 42 U.S.C. § 1983, unless its policy or custom is shown to be a moving force behind a violation of constitutional rights. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citing *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 694 (1978). To establish a *Monell* claim, Plaintiffs must prove that: (1) they were deprived of a constitutional right; (2) the MCSO had a policy; (3) the policy amounts to deliberate indifference to their constitutional rights; and (4) "the policy is the moving force behind the constitutional violation." *Dougherty*, 654 F.3d at 900. Here, Plaintiffs fail to plead facts to support a plausible *Monell* claim against Sheridan.

Plaintiffs assert that the MCSO transporting them to the jail after they were arrested violated their constitutional rights, but their claims fail because a warrantless misdemeanor arrest supported by probable cause doesn't violate the Fourth Amendment. *Barry v. Fowler*,

1
2
3
4
5
6
7
8
9
10
11
12
13
14

902 F.2d 770, 772-73 (9th Cir. 1990). The SAC asserts that Plaintiffs were arrested, and that the MCSO transported Plaintiffs—except for Smith and Clancy—to the jail. (Doc. 75, ¶¶ 54, 61-64.) That Plaintiffs were arrested or transported isn't sufficient to plead a Fourth Amendment violation. Plaintiffs must plead facts showing that they were arrested without probable cause. Here, apart from Smith and Clancy, none of the Plaintiffs allege that they were arrested without probable cause. And while Smith and Clancy allege that they were arrested without probable case, they don't allege facts showing that any MCSO officer arrested them or that their arrest was caused by an MCSO policy or custom. Rather, Smith and Clancy allege that Defendants "Singh, Padilla, Latella, Buhler, Mason and Bathke" decided to arrest them. (Doc. 75, ¶ 98.) Further, neither Smith nor Clancy allege that the MCSO transported them to jail or that they were arrested because of an MCSO policy or custom. (*Id.*, ¶¶ 62, 67-69.) Because Plaintiffs don't plausibly allege an underlying constitutional violation or that an MCSO policy/custom caused their constitutional rights to be violated, they fail to state a plausible *Monell* claim against Sheridan.

15
16
17
18
19

Plaintiffs allege that their First Amendment rights were violated when they were academically suspended from ASU. (*Id.*, ¶¶ 70-89, 93-99.) But Plaintiffs don't allege facts showing that an MCSO policy or custom caused their academic suspensions. As such, Plaintiffs haven't plausibly alleged a *Monell* claim against Sheridan for their academic suspensions.

20
21
22
23
24
25
26
27

Plaintiffs further allege that they sustained bruising and loss of consciousness during their arrests. (*Id.*, ¶ 65.) While Plaintiffs allege that the MCSO worked with ASU PD to break up the protests, they don't allege that the injuries were caused by an MCSO policy or custom. (*Id.*, ¶ 64.) To the extent that any Plaintiff has claims about the quantum of force used during their arrest, those claims must be brought against the officer, not the MCSO because there is no respondeat superior liability for an employee's actions in § 1983. *See*, *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997). Accordingly, Plaintiffs fail to allege a *Monell* claim against Sheridan for the use of force during their arrests.

28

**B.    There are no allegations to support an individual capacity claim against Sheridan.**

"A defendant may be held liable as a supervisor under § 1983 if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (cleaned up). The SAC doesn't allege that Sheridan was personally involved in the events of April 26, 2024, or the academic suspensions. Moreover, Sheridan wasn't the Maricopa County Sheriff in 2024 and factually couldn't have been connected to the events of April 26, 2024.[1] Accordingly, the SAC doesn't state facts sufficient to state a plausible individual capacity claim against Sheridan.

**IV.    Conclusion.**

Because Plaintiffs fail to allege any plausible claims against Sheridan, he should be dismissed from the case with prejudice.

**RESPECTFULLY SUBMITTED** this 15th day of April 2025.

RACHEL H. MITCHELL
MARICOPA COUNTY ATTORNEY

BY: /s/Joseph Vigil
JOSEPH I. VIGIL
CHARLES E. TRULLINGER
MAXINE S. MAK
Deputy County Attorneys
*Attorneys for Defendant Sheridan*

---

[1]    While this isn't alleged in the SAC, the Court may take judicial notice of a fact that isn't subject to reasonable dispute "because it … is generally known within the trial court's territorial jurisdiction." Fed. R. Evid. 201.

1

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2025, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and served on counsel of record via the Court's CM/ECF system.

/s/ J. Christiansen

S:\CIVIL\CIV\Matters\CJ\2024\Campos, et al. v. AZ Bd of Regents, et al. 2024-3558\Pleadings\MTD\MTD Final.docx

6