RACHEL H. MITCHELL
MARICOPA COUNTY ATTORNEY

By:   JOSEPH I. VIGIL (018677)
      CHARLES E. TRULLINGER (018936)
      MAXINE S. MAK (031158)
      vigilj@mcao.maricopa.gov
      trullinc@mcao.maricopa.gov
      makm@mcao.maricopa.gov
      Deputy County Attorneys

CIVIL SERVICES DIVISION
225 West Madison Street
Phoenix, Arizona 85003
Telephone (602) 506-8541
Facsimile (602) 506-4317
ca-civilmailbox@mcao.maricopa.gov
MCAO Firm No. 00032000

*Attorneys for Defendant Sheridan*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Aída Esmeralda Campos, *et al.*, | No. CV-24-00987-PHX-JJT |
| Plaintiffs, | |
| v. | **DEFENDANT SHERIDAN'S REPLY IN SUPPORT OF MOTION TO DISMISS** |
| Arizona Board of Regents, *et al.*, | |
| Defendants. | |

**I.  Plaintiffs fail to plead a plausible *Monell* claim against Defendant Sheridan.**

To defeat Defendant Sheridan's ("Sheridan") motion to dismiss, Plaintiffs must allege facts plausibly showing that an MCSO policymaker's decision caused their First Amendment rights to be violated. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481-83 (1986). "A claim has facial plausibility when the plaintiff pleads *factual* content that allows the court to draw the reasonable

1

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing *Twombly*, 550 U.S. at 570). While the court accepts factual allegations as true when considering a motion brought under Rule 12(b)(6), "the pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–236 (3d ed. 2004). Having only alleged facts showing that the Maricopa County Sheriff's Office ("MCSO") transported lawfully arrested detainees, Plaintiffs' Second Amended Complaint ("SAC") fails to meet this standard, and Plaintiffs' *Monell* claim against Sheridan should be dismissed.

### A. Plaintiffs' arguments don't remedy their pleading deficiencies.

Plaintiffs argue their SAC plausibly alleges a *Monell* claim because MCSO decided to "assist ASU PD and other co-defendants in the violent suppression of … Plaintiffs' exercise of their First Amendment rights." (Doc. 96 at 4.) "As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (internal quotation marks and citation omitted). Factually, Plaintiffs' SAC only alleges that ASU PD contacted the MCSO before 10:10 a.m. on April 26, 2024, requesting assistance in transporting arrestees from a protest, and that MCSO transported arrestees to jail. (Doc. 75, ¶¶ 54, 63.) It doesn't allege facts showing that the Maricopa County Sheriff authorized "violent suppression of" Plaintiffs activities, that MCSO employees used "violence" against them, used force against them, or even that MCSO employees arrested them. To state a plausible *Monell* claim, Plaintiffs must allege facts, not accusations, showing that the MCSO's policy caused their alleged constitutional deprivation. The factual allegations of the SAC don't support any inference that the MCSO's assistance caused any suppression of Plaintiff's First Amendment rights, let alone any "violent" suppression of their rights and Plaintiffs' unsupported accusations can't make up the difference.

Plaintiffs argue that their *Monell* claim is plausible because the MCSO decided to

assist ASU PD in the "retaliation against Plaintiffs' exercise of their First Amendment rights." To state a First Amendment retaliation claim, Plaintiffs must plausibly allege facts showing "that (1) [they were] engaged in a constitutionally protected activity, (2) the defendant's actions would chill a person of ordinary firmness from continuing to engage in the protected activity and (3) the protected activity was a substantial or motivating factor in the defendant's conduct." *O'Brien v. Welty*, 818 F.3d 920, 932 (9th Cir. 2016) (cleaned up). Plaintiff's allegations about the MCSO relate to their transportation of lawfully arrested individuals to jail. (Doc. ¶¶ 62-63.) The SAC doesn't allege facts showing that MCSO arrested them, asked them to leave the protest, or engaged in any other activity that would chill an ordinary person from exercising their First Amendment rights. Nor does it allege facts showing that suppressing Plaintiffs' speech was the "substantial or motivating factor" in the MCSO's decision to assist ASU PD by transporting possible arrestees to jail. Simply put, the SAC fails to allege a plausible First Amendment retaliation claim.

Plaintiffs argue that they allege a viable *Monell* claim because the "MCSO was part of the planning and undertaking of mass civil rights violations with **knowledge** that the goal was to end protests protected by the First Amendment as quickly and ruthlessly as possible and to provide ASU PD with the support necessary to process and detain substantially more students than ASU PD could have processed and detained on their own." (Doc. 96 at 9.) The sum of Plaintiffs' factual allegations about the MCSO is that on the morning of the protests, ASU PD requested MCSO's assistance in transporting arrestees, and that the MCSO transported arrestees to jail. (Doc. 75, ¶¶ 54, 63.) From this fact, Plaintiffs have fabricated their claim against MCSO. Plaintiffs haven't alleged *facts* showing that the MCSO was a part of any plan or undertaking to engage in "mass civil rights violations," or that the MCSO had the goal of ending the protests, let alone "as quickly and ruthlessly as possible." Nor have Plaintiffs alleged *facts* showing that the MCSO had knowledge of any "goal … to end protests … as quickly and ruthlessly as possible." That the MCSO was asked to transport possible arrestees before arrests were made doesn't show intent to violate

3

Plaintiffs' civil rights or to end Plaintiffs' protest. Plaintiffs' arguments are hyperbole untethered to the allegations of the SAC, nothing more.

As to Plaintiffs' argument that MCSO's assistance allowed ASU PD to process and detain more students than they would've had capacity for unassisted, that isn't alleged in the SAC. Even if Plaintiffs had alleged that argument in the SAC, it wouldn't make their *Monell* claim more plausible because it doesn't show that the MCSO's assistance would chill an ordinary person's exercise of speech, that Plaintiffs' speech was the motivating factor in assisting ASU PD, or that the MCSO caused any constitutional violation.

The SAC and Plaintiffs' Response make it clear that their *Monell* claim derives from MCSO's transportation of arrestees. Without more, transporting lawfully arrested individuals to jail doesn't give rise to a *Monell* claim because the reason for such action is obvious. By statute, the Sheriff is statutorily charged with taking charge of inmates in the county jail. A.R.S. § 11-441(A)(5). Here, Plaintiffs allege that across the country, groups of university students were protesting to express their political views and that ASU PD expected or planned for protests at the ASU campus. (Doc. 75, ¶¶ 43-44, 46.) As part of its planning, ASU PD anticipated having to make arrests and asked the MCSO for assistance in transporting arrestees to jail. (*Id.*, ¶ 54.) The MCSO's assistance in transporting arrestees to jail is a natural consequence of the Sheriff's custodial duties. Plaintiffs' *Monell* claim against Sheridan isn't plausible and should be dismissed.

**II.     Conclusion.**

Plaintiffs' Second Amended Complaint fails to state a *Monell* claim against Sheridan. The arguments Plaintiffs make in their Response can't and don't remedy their pleading deficiencies. For the reasons set forth in Sheridan's Motion to Dismiss (Doc. 88) and herein, Sheridan respectfully requests that all claims against him be dismissed.

///

///

4

**RESPECTFULLY SUBMITTED** this 27th day of March 2025

                RACHEL H. MITCHELL
                MARICOPA COUNTY ATTORNEY

            BY: /s/ Joseph I. Vigil
                  JOSEPH I. VIGIL
                  CHARLES E. TRULLINGER
                  MAXINE S. MAK
                  Deputy County Attorneys
                  *Attorneys for Defendant Sheridan*

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2025, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and served on counsel of record via the Court's CM/ECF system.

*/s/ D. Shinabarger*

S:\CIVIL\CIV\Matters\CJ\2024\Campos, et al. v. AZ Bd of Regents, et al. 2024-3558\Pleadings\Reply ISO MTD Final.docx