**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aida Esmeralda Campos, *et al.*, | No. CV-24-00987-PHX-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| Arizona Board of Regents, *et al.*, | |
| Defendants. | |

At issue is the University Defendants' Motion to Transfer to the undersigned a sister case of the above-captioned action. (*See* Doc. 102, Motion.) Plaintiffs have filed a response in opposition (Doc. 104, Response), and the University Defendants have filed a reply (Doc. 106, Reply). The Court finds this matter appropriate for resolution without oral argument. *See* LRCiv 7.2(f). For the reasons set forth below, the Court denies the Motion.

**I.    Background**

The Court recently summarized the background of this case and perceives no advantage in doing so again here. (*See* Doc. 103 at 2–5.) In brief, a group of current and former ASU students sued ASU,[1] a smattering of ASU employees, the Maricopa County Sheriff, and the Arizona Department of Public Safety alleging that ASU engaged in illegal speech-based retaliation by imposing harsh disciplinary measures in response to protected anti-Israel speech espoused at a pro-Palestine protest. The Court will refer to this case as

---

[1] The juridical embodiment of Arizona State University ("ASU") is the Arizona Board of Regents, but for the sake of simplicity the Court will refer herein only to ASU.

the "Speech Case." There were originally twenty plaintiffs in the Speech Case. Separately, three of those plaintiffs and one additional plaintiff who is a non-party in the Speech Case brought suit against a functionally identical set of defendants alleging a violation of their right to freely exercise their religion. (*See* No. CV-25-1362-PHX-ROS (JZB) Doc. 19.) The Court will refer to this case as the "Free Exercise Case." Because the defendants in the Speech Case and the Free Exercise Case are identical, the Court will adopt the usage employed in its prior Order, whereby the "University Defendants" are all defendants except the Maricopa County Sheriff and the Arizona Department of Public Safety. (*See* Doc. 103 at 1.) The four plaintiffs in the Free Exercise Case, all of whom are female, allege that Defendants violated their religious rights by forcing them to remove their hijabs in the presence of male police officers. (*See* No. CV-25-1362-PHX-ROS (JZB) Doc. 19 ¶¶ 79, 94.)

On July 21, 2025, the University Defendants filed the instant Motion to Transfer. Seven days later, the Court issued an Order in the Speech Case dismissing the claims against the Maricopa County Sheriff, the Arizona Department of Public Safety, and all University Defendants except ASU and Michael Crow. (*See* Doc. 103.) In the Free Exercise Case, the Maricopa County Sheriff has filed an answer, but neither the Arizona Department of Public Safety nor the University Defendants have yet responded. (*See* No. CV-25-1362-PHX-ROS (JZB) Docs. 22, 29, 33.)

**II.    Legal Standard**

Federal Rule of Civil Procedure 42(a) permits the Court to consolidate two actions that "involve a common question of law or fact." The University Defendants have not requested a consolidation. Rather, they seek a transfer under Local Rule of Civil Procedure 42.1(a), whereby the undersigned would preside over both cases, but the cases would retain their separate identities. (*See* Motion at 1.) Local Rule 42.1(a) provides that:

> When two or more cases are pending before different Judges, a party in any of those cases may file a motion to transfer the case or cases to a single Judge on the ground that the cases: (1) arise from substantially the same transaction or event; (2) involve substantially the same parties or property; (3) involve

- 2 -

the same patent, trademark, or copyright; (4) call for determination of substantially the same questions of law; or (5) for any other reason would entail substantial duplication of labor if heard by different Judges.

The standard that applies to motions to consolidate under Federal Rule 42(a) is similar to the standard that applies to motions to transfer under Local Rule 42.1(a). *Green Home Rentals LLC v. United States Internal Revenue Serv.*, No. CV-24-03630-PHX-SHD, 2025 WL 1993564, at *1 (D. Ariz. July 17, 2025). Under both standards, the Court possesses "broad discretion" to grant or deny a consolidation or transfer. *Id.* The satisfaction of one or more of the factors enumerated in Local Rule 42.1(a) merely permits a litigant to file a motion to transfer, but such satisfaction does not compel the Court to grant the motion. *Smith v. Sperling*, No. 11-0722-PHX-PGR, 2011 WL 4101508, at *1 (D. Ariz. Sept. 14, 2011).

**III.   Discussion**

Transfer is not appropriate here. The two lawsuits do not arise out of the same transaction or event. Although the alleged violation of religious rights in the Free Exercise Case occurred in the aftermath of the protest that engendered the Speech Case, that similarity is superficial. The specific events giving rise to the claims in the two cases are distinct. Whether the University Defendants violated free-exercise rights by forcing women to remove their hijabs in police custody will be determined largely independently of whether the University Defendants violated free-speech rights by imposing academic discipline in retaliation against anti-Israel speech. In other words, although these cases share a common factual background, they do not arise out of a common nucleus of *operative* facts. That the pleading in the Free Exercise Case contains several copied-and-pasted allegations from the pleading in the Speech Case does not alter this conclusion. (*See* Reply at 2–3.) From the Court's vantage, it seems that counsel in the two cases pled in the manner he did in order to achieve a gain in efficiency. And even if that supposition is incorrect, the Court nevertheless remains focused upon the operative facts of the two cases, not the narrative facts. The divergent litigation conduct by the Maricopa

1 County Sheriff illustrates that the two cases' underlying events are materially different. In
2 the Speech Case, he filed and prevailed upon a motion to dismiss. In the Free Exercise
3 Case, he filed an answer. The litigation strategy of a party is of course not dispositive of a
4 motion to transfer, but in this instance it does serve to highlight the different natures of the
5 two cases.

6 Additionally, the two cases involve entirely separate bodies of law. Although free
7 speech and free exercise both find their genesis in the First Amendment, the jurisprudence
8 that has developed around the two rights is distinct.

9 Given the absence of meaningfully common facts or law, a transfer would generate
10 limited benefits to judicial economy. The University Defendants argue that the two cases
11 would profit from a shared discovery regime if and when both cases proceed to discovery.
12 (Motion at 7–8.) This argument is well-taken, but it is premature. First, the Free Exercise
13 Case appears to be nowhere close to the discovery phase of litigation. Second, even if both
14 cases were to advance to discovery, the Court would be hesitant to order a transfer, and
15 thereby disturb the ordinary administration of justice, without a particularized showing that
16 a mutual discovery regime is meaningfully superior to separate tracks. And even then, the
17 Court could fashion a narrow consolidation of discovery, rather than a wholesale transfer.
18 *See* Fed. R. Civ. P. 42(a) (permitting the consolidation of individual "matters at issue in
19 the actions," and also permitting the issuance of "any other orders to avoid unnecessary
20 cost or delay"); *see also In re TFS Elec. Mfg. Servs., Inc.*, No. BK-05-15403-PHX-RTV,
21 2007 WL 446345, at *3 (D. Ariz. Feb. 7, 2007) (consolidating cases for discovery).

22 Finally, the Court agrees with the points raised by the plaintiffs regarding the
23 pernicious effect of even the appearance of judge-shopping. (*See* Response at 8.) To be
24 clear, the Court does *not* find that the University Defendants have engaged in
25 judge-shopping. Nevertheless, the Court recognizes that transferring a case in the absence
26 of a substantial justification can give rise to an untoward perception. This is especially true
27 where, as here, the request for a transfer is not accompanied by a request for consolidation.
28 Where the gains to judicial economy derivative of a consolidation are absent, the

appearance of judge-shopping is more pronounced. For that reason, the Court will not lightly order a transfer. Here, the aspects of the two cases favoring a transfer are insufficiently weighty to overcome the Court's aversion to transfers for the reasons set forth above. The Court will therefore deny the motion without prejudice to the bringing of a similar motion at a later juncture.

**IT IS THEREFORE ORDERED** denying without prejudice the University Defendants' Motion to Transfer (Doc. 102).

Dated this 11th day of August, 2025.

Honorable John J. Tuchi
United States District Judge