**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aida Esmeralda Campos, *et al.*, | No. CV-24-00987-PHX-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| Arizona Board of Regents, *et al.*, | |
| Defendants. | |

At issue is Defendants' Motion for Reconsideration (Doc. 107, Motion), wherein the Arizona Board of Regents and Michael Crow request the Court to reconsider the portion of its prior Order denying sovereign immunity as to Count II of Plaintiffs' Second Amended Complaint. (*See* Doc. 103, Order.) The Court's ruling regarding Count I is not at issue.

Count II is a state-law claim, and Defendants concede that the state of Arizona has waived its sovereign immunity regarding that claim in lawsuits brought in its own courts. (Motion at 3–4.) The question upon which Defendants seek reconsideration is whether Arizona has also waived its sovereign immunity regarding the same claim in lawsuits brought in federal court. In its prior Order, the Court held that Arizona has indeed waived its sovereign immunity regarding Count II even in lawsuits brought in federal court. (Order at 17–20.) This ruling was based on the Arizona Supreme Court's opinion in *Redgrave v. Ducey*, 251 Ariz. 451 (2021).

As the Court noted in its prior Order, U.S. Supreme Court precedent establishes that a federal district court may not find that a state has waived its sovereign immunity to lawsuits brought in federal court unless such waiver is unequivocally expressed. (Order at 18.) Plaintiffs argued that the Arizona legislature unequivocally waived its sovereign immunity to state-law claims brought in federal court by enacting a law in 1984 that waived sovereign immunity as to claims arising under "the statutes and common law of this state." (*See* Doc. 97 at 20.) The Court rejected this argument, writing that the above-quoted "legislative declaration, which lacks express reference to a federal forum, would appear not to satisfy the U.S. Supreme Court's stringent requirement regarding waiver." (Order at 18.) However, the Court held that the *Redgrave* opinion itself constitutes an unequivocal waiver of sovereign immunity regarding state-law claims brought in federal court. Thus, the Court's ruling rested not on the plain text of the legislative waiver, but instead on the interpretation of that plain text handed down by the Arizona Supreme Court.

Defendants cite precedent from the U.S. Supreme Court for the proposition that a state does not consent to suit in federal court merely by consenting to suit generally, (Motion at 4), but this Court in its prior Order cited the same U.S. Supreme Court caselaw for the same proposition, (*see* Order at 18). Critically, this Court did not rest its ruling upon a statute that contained a generalized waiver of sovereign immunity regarding state-law claims, but instead rested its ruling upon the Arizona Supreme Court's construction of such a statute. As the Court wrote, "although the Arizona legislature's waiver of its sovereign immunity as to all claims based on 'the statutes and common law of this state' may not have been sufficiently unequivocal to by itself satisfy the federal judiciary's stringent waiver standard, the Court is satisfied that the statutory waiver in combination with the Arizona Supreme Court's interpretive gloss is adequate to effectuate a waiver." (Order at 19–20.) Therefore, in order to persuade, Defendants' Motion for Reconsideration must present an argument that is meaningfully responsive to the Court's analysis of *Redgrave*. Defendants present two such arguments, which the Court will address presently. First, however, the Court will summarize its understanding of *Redgrave*.

The foundational principle of this Court's analysis was the legal premise that, in the words of the Arizona Supreme Court, "whether waiver has in fact occurred is undeniably a state law question. State courts remain the ultimate interpreters of the laws by which such waivers are generally made." *Redgrave*, 251 Ariz. at 455–56 ¶ 18. Defendants do not contest this principle. In *Redgrave*, the Arizona Supreme Court held that, in determining whether the state waived its sovereign immunity regarding a *federal* claim brought in a *state* court—which plainly does not fall within the ambit of the legislative waiver of sovereign immunity regarding all state-law claims—the state court must apply the same standard that a federal court would apply to determine whether the state waived its sovereign immunity regarding a *federal* claim brought in *federal* court. In other words, the venue is irrelevant. The same standard governs the sovereign-immunity analysis of a federal-law claim regardless of whether the action is being pursued in state or federal court. In reaching this conclusion, the Arizona Supreme Court expressly rejected a "venue-based conception of the appropriate waiver standard." *See id.* To put it another way, the court held that the preeminent factor in the sovereign-immunity analysis under Arizona law is the source of the underlying cause of action, not the venue in which the cause of action is litigated. *See id.* at 457–58 ¶¶ 23–27. The Arizona Supreme Court's repudiation of a venue-based approach to sovereign immunity was the primary basis of this Court's ruling in the instant case. Defendants' Motion for Reconsideration does not address the meaning of the state supreme court's deemphasis of venue, whether in the abstract or as applied to the case at bar.

Two other aspects of *Redgrave*, both of which this Court expressly discussed in its prior Order, are worth reiterating here. First, the Arizona Supreme Court approved of the notion of a "reciprocal privilege" of sovereign immunity, according to which the state enjoys immunity from federal claims in state courts to the same extent that it enjoys immunity from federal claims in federal courts. This principal, combined with the Arizona Supreme Court's disavowal of a "venue-based" conception of sovereign immunity, logically leads to the conclusion that under Arizona law the state properly enjoys immunity

from state-law claims in federal courts to the same extent that it enjoys immunity from state-law claims in state courts. Therein lies the reciprocity. Defendants do not address this aspect of *Redgrave* in their Motion for Reconsideration.

Second, the Arizona Supreme Court offered the following example of what constitutes an "express and unequivocal waiver of immunity."

> The [Oregon Tort Claims Act] specifies that "every public body is subject to action or suit for its torts," constituting an express and unequivocal waiver of immunity for torts. And the [Oregon Court of Appeals] had held previously that the Oregon legislature intended that FLSA claims be classified as "torts." There was little need, then, to address the Eleventh Amendment standard for waiver of state sovereign immunity, which, by all appearances, had been satisfied already.

*Redgrave*, 251 Ariz. at 456 ¶ 19. It is unclear whether the Arizona Supreme Court's definition of an express and unequivocal waiver is the same as that of the U.S. Supreme Court. And, in the event of an inconsistency, it is unclear which conceptualization a district court sitting in Arizona ought to assign precedence, given that both conceptualizations would seem to be binding upon the district court. As noted, "whether waiver has in fact occurred is undeniably a state law question." *Id.* at 455 ¶ 18. Despite this Court's explicit treatment of these matters in its prior Order, Defendants do not address them in their Motion for Reconsideration.

Rather than confront the portions of *Redgrave* upon which this Court rested its prior ruling, Defendants cite to two additional portions of *Redgrave* that this Court did not previously discuss. Neither citation provides a basis for reconsideration. First, Defendants point to a string-cite in *Redgrave* wherein the Arizona Supreme Court noted that the federal judiciary has consistently held that a 1963 opinion, in which the Arizona Supreme Court partially abrogated the state's sovereign immunity, did not extend to actions in federal court. (Motion at 4–5.) The 1963 opinion in question is *Stone v. Ariz. Highway Comm'n*, 93 Ariz. 384 (1963). Defendants' argument is inapposite because *Stone* itself is inapposite. As the Arizona Supreme Court explained in *Redgrave*, *Stone*'s judicial abolition of sovereign immunity was supplanted by the 1984 legislative waiver of the same. *See* 251

1    Ariz. at 454 ¶ 12. Thereafter, the judicial abolition ceased to carry significance, especially
2    in light of the Arizona Supreme Court's subsequent affirmation that waiver is a legislative
3    function. *See id.* at 453 ¶ 6, 454 ¶¶ 11–13. Contrary to the thrust of Defendants' citations,
4    it is of no consequence that in 1981 the Ninth Circuit held that "there is no indication in
5    the *Stone* opinion that Arizona intended to consent to anything more than suit in its own
6    courts." *See Ronwin v. Shapiro*, 657 F.2d 1071, 1074 (9th Cir. 1981). This Court, in
7    reaching its prior ruling, looked to *Redgrave* for guidance, not *Stone*. That the Arizona
8    Supreme Court may have espoused a venue-based approach to sovereign immunity in 1963
9    does not alter the fact that the court rejected a venue-based approach fifty-eight years later.

10          Second, Defendants cite to New Mexican caselaw for the proposition that Arizona
11   has implicitly adopted a venue-based conception of sovereign immunity. In *Redgrave*, the
12   Arizona Supreme Court found New Mexico's jurisprudence "persuasive," but the Arizona
13   court's approval was limited to the discrete legal issue of whether a prior judicial abolition
14   of sovereign immunity could circumvent a subsequent legislative enactment codifying a
15   limited waiver of the same. *See Redgrave*, 251 Ariz. at 455 ¶ 16 (citing *Cockrell v. Bd. of
16   Regents of N.M. State Univ.*, 45 P.3d 876 (N.M. 2002)). The Arizona Supreme Court did
17   not embrace New Mexico's venue-based approach to sovereign immunity, and indeed
18   expressly rejected such an approach, as described above. For that reason, Defendants'
19   citation to New Mexican caselaw is unavailing. Defendants are correct that, in *Ramirez v.
20   State, CYFD*, 372 P.3d 497, 504–05 (N.M. 2016), the New Mexico Supreme Court
21   affirmed a venue-based conception of sovereign immunity. Thus, a waiver of sovereign
22   immunity to suit in New Mexican state court need not be effectuated by "magic words or
23   a specific formulaic recital," but, impliedly, a waiver of immunity to suit in federal court
24   would require the usage of such magic words. *See id.* Whatever the scope of that holding,
25   it would appear to conflict with *Redgrave*, which disapproved of a venue-based approach
26   to sovereign immunity, endorsed the concept of a reciprocal privilege, and provided an
27   example of what constitutes an "express and unequivocal waiver of immunity," which
28   example is similar to the waiver at issue here.

The legal issues implicated in this matter are difficult and nuanced. The Court recognized as much in its prior Order, writing that "*Redgrave* is of course not directly controlling here, as the determination of whether the Arizona legislature waived the state's sovereign immunity over claims that it created but that are brought in a federal court raises concerns that are similar but not identical to the determination of whether the Arizona legislature waived the state's sovereign immunity over claims created by Congress that are brought in a state court." (Order at 19.) Nevertheless, the Court held that the principles announced in *Redgrave* dictated the outcome that Defendants now challenge. Defendants have not meaningfully grappled with any of those principles.[1] Therefore, the Court will deny the Motion for Reconsideration, as it does not sufficiently explore the basis of the Court's prior Order to merit reconsideration or adversarial briefing thereon. *See* LRCiv 7.2(g)(2).

**IT IS THEREFORE ORDERED** denying Defendants' Motion for Reconsideration (Doc. 107).

Dated this 13th day of August, 2025.

Honorable John J. Tuchi
United States District Judge

---

[1] The Court also wrote in its prior Order that "[t]he question of sovereign immunity addressed herein may have been a good candidate for certification to the Arizona Supreme Court." (Order at 20 n.4.) Notably, *Redgrave* was itself an opinion rendered in response to a certified question from the Ninth Circuit. *See* 251 Ariz. at 452 ¶¶ 1–4. However, as neither party in the instant case broached the possibility of certification, the Court declined to transmit this case *sua sponte* to the state judiciary. In their Motion for Reconsideration, Defendants again decline to explore the possibility of certification.