**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aida Esmeralda Campos, *et al.*, | No. CV-24-00987-PHX-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| Arizona Board of Regents, *et al.*, | |
| Defendants. | |

At issue is the Motion for Stay of District Court Proceedings and Deadlines Pending Appeal filed by Arizona Board of Regents ("ABOR") and Dr. Michael Crow ("Dr. Crow") (collectively, "Defendants"). (*See* Doc. 113, Motion.) Plaintiffs have filed a response in opposition (Doc. 115, Response), and Defendants have filed a reply (Doc. 116, Reply). The Court finds this matter appropriate for resolution without oral argument. *See* LRCiv 7.2(f). For the reasons set forth below, the Court grants in part and denies in part the Motion.

**I.    BACKGROUND**

This case arises from a group of current and former Arizona State University students suing and alleging that Defendants—among others—engaged in illegal speech-based retaliation towards the students' anti-Israel speech espoused at a pro-Palestine protest. Plaintiffs filed their Second Amended Complaint with the Court's leave on February 12, 2025. (Doc. 75, SAC.) Therein, Plaintiffs brought only two claims: (1) First Amendment retaliation arising under 42 U.S.C. § 1983 against Dr. Crow (the "Federal

1  Law Claim"); and (2) violation of students' free speech rights arising under A.R.S. § 15-
2  1864 against both Defendants (the "State Law Claim"). (SAC, 12–13.) Defendants sought
3  to dismiss Plaintiffs' SAC on multiple theories including—as most relevant here—
4  sovereign immunity shielding Defendants from suit under the State Law Claim. (Doc. 89,
5  MTD.)

6  The Court dismissed Plaintiffs' SAC as to all defendants except ABOR and
7  Dr. Crow. In so ordering, the Court found that Plaintiffs' State Law Claim was not barred
8  by sovereign immunity. (Doc. 103 at 17–20.) Defendants moved for this Court's
9  reconsideration of its denial of sovereign immunity (Doc. 107), which the Court denied
10 (Doc. 111). Defendants subsequently appealed. (Doc. 112.) Defendants now request this
11 matter be stayed pending its interlocutory appeal number 25-5473 before the Ninth Circuit
12 (the "Appeal"). (Doc. 113.) Practically speaking, a blanket stay as requested by Defendants
13 would suspend all discovery and disclosure for this case, which has already been pending
14 for over one year and has yet to surpass the pre-answer litigation stage.

15 Against this backdrop, the Court must first define the bounds of its jurisdiction over
16 the claims as curtailed, if at all, by the Appeal. Second, the Court must determine whether
17 a stay of this matter is appropriate and, if so, to what extent.

18 **II.  JURISDICTION OVER CLAIMS**
19    **A.  Legal Standard**
20 Courts of appeals have jurisdiction over all final decisions of district courts. *See*
21 8 U.S.C. § 1291. Known as the "collateral order doctrine," appellate jurisdiction includes
22 prejudgment orders belonging to a "small class" that, although not the final order of a case,
23 are immediately appealable because they determine claims of rights too important and too
24 independent of the cause itself to await final adjudication of the case. *Behrens v. Pelletier*,
25 516 U.S. 299, 305 (1996); *Mitchell v. Forsyth*, 472 U.S. 511, 524 (1985). As relevant here,
26 the denial of Eleventh Amendment immunity is immediately appealable. *Puerto Rico*
27 *Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 147 (1993).

28

A district court is divested of its jurisdiction to proceed to trial where the interlocutory claim is immediately appealable.[1] *Chuman*, 960 F.2d at 105. Notably, a district court still "retains jurisdiction to address aspects of the case that are not the subject of the appeal." *United States v. Pitner*, 307 F.3d 1178, 1183 n.5 (9th Cir. 2002); *see also Britton v. Co-op Banking Group*, 916 F.2d 1405, 1412 (9th Cir. 1990).

The question of what aspects of a case are, or are not, "subject of the appeal" becomes central to a district court's determination of its ability to manage the case before it. District courts in this Circuit have routinely stayed proceedings on the claims underlying an immunity defense subject to an interlocutory appeal. *Rico v. Beard*, 2019 U.S. Dist. LEXIS 148656, *6 (E.C.D, August 29, 2019). However, the "right to immunity is a right to immunity *from certain claims*, not from litigation in general." *Behrens*, 516 U.S. at 305 (emphasis in original). Namely, "[w]here an immunity defense applies to one claim and not another, the claims are separable for purposes of the collateral order doctrine." *Donahoe v. Arpaio*, 2012 U.S. Dist. LEXIS 79434, *11-12 (D. Ariz. June 7, 2012) (citing *Beier v. City of Lewiston*, 354 F.3d 1058, 1064 (9th Cir. 2004)).

**B.     Discussion**

In this matter, Defendants appeal whether they hold sovereign immunity from Plaintiffs' State Law Claim. (Doc. 112.) There is no doubt that Defendants' sovereign immunity defense is the subject of the Appeal. The Court has no jurisdiction to specifically consider whether Defendants are protected by sovereign immunity, or to bring Defendants asserting such immunity to trial. The question arising from Defendant's Appeal is purely legal, and asks whether the State of Arizona has "unequivocally expressed" its waiver of sovereign immunity as it relates to A.R.S. § 15-1864. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984).

The question becomes, then, whether Plaintiffs' claims are also "subject to" Defendants' sovereign immunity defense such that this Court is deprived of jurisdiction

---

[1] The Ninth Circuit has crafted one exception to this rule, which is when that district court certifies that the interlocutory claim is frivolous or has been waived. *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992). Neither party has suggested—nor does this Court believe—that Defendants' Appeal is frivolous or waived.

with regard to those claims. District courts in this Circuit have held that a claim is "subject to" an immunity defense on appeal when the immunity defense itself requires consideration of facts underlying the claim. *See Cabral v. Cnty. of Glenn*, No. 2:08-cv-0029 MCE DAD, 2009 U.S. Dist. LEXIS 56272 (E.D. Cal. July 1, 2009) (holding that the plaintiff's claim was subject to the defendant's qualified immunity defense pending appeal); *Rico*, 2019 U.S. Dist. LEXIS 148656 (holding the same). By permitting the parties to proceed into pretrial litigation on such claims that are factually interwoven with an immunity defense may affect the record before the appellate court. *See Casteneda v. United States*, No. CV 07-7241 DDP, 2008 U.S. Dist. LEXIS 40567 (C.D. Cal. May 20, 2008).

For example, a qualified immunity defense requires that the facts, if proven, do not establish that a defendant violated a constitutional right or that right was not clearly established by law. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001). Succeeding on a qualified immunity defense requires inquiry into the same facts alleged in plaintiff's constitutional claims. In sharp contrast, sovereign immunity only demands that a state did not unequivocally waive immunity from suit, which begets statutory interpretation. The former immunity defense is inextricably intertwined with the facts giving rise to one or more of a plaintiff's claims, while the latter is not. *See Casteneda*, 2008 U.S. Dist. LEXIS 40567 (permitting discovery to proceed on the plaintiff's claims because the immunity defense on appeal was based on statutory construction, not factual issues).

Here, Defendants' sovereign immunity defense is utterly distinct from Plaintiffs' claims. In the first claim, Plaintiffs allege that Dr. Crow violated Plaintiffs' First Amendment rights under 42 U.S.C. § 1983. (Doc. 75 ¶¶ 91-101.) In the second claim, Plaintiffs allege that both Defendants restricted Plaintiffs' First Amendment rights under A.R.S. § 15-1864. (Doc. 75 ¶¶ 102-26.) Neither claim involves the statutory interpretation of the State of Arizona's waiver of sovereign immunity as to its state laws.

This Court retains its jurisdiction over matters involving Plaintiffs' claims. Issues relating to Defendants' sovereign immunity defense and bringing Defendants to trial,

1  however, are undoubtedly out of this Court's jurisdictional reach pending resolution of the
2  Appeal.

3  **III.  STAY OF PROCEEDINGS**
4      **A.  Legal Standard**

5      Though a district court retains jurisdiction over claims not subject to an
6  interlocutory appeal, a stay of the proceedings may still be warranted. *Lockyer v. Mirant*
7  *Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). A district court's "power to stay proceedings
8  is incidental to the power inherent in every court to control the disposition of the cases on
9  its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*
10 *v. N. Am. Co.*, 299 U.S. 248, 254 (1936). When considering a motion to stay proceedings
11 under *Landis*, courts must weigh "competing interests," *id.* at 255, which include "the
12 possible damage which may result from the granting of a stay, the hardship or inequity
13 which a party may suffer in being required to go forward, and the orderly course of justice
14 measured in terms of the simplifying or complicating of issues, proof, and questions of law
15 which could be expected to result from a stay." *Lockyer*, 398 F.3d at 1110 (quoting *CMAX,*
16 *Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

17     "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*,
18 520 U.S. 681, 708 (1997) (citation omitted). Specifically, the proponent "must make out a
19 clear case of hardship or inequity in being required to go forward, if there is even a fair
20 possibility that the stay . . . will work damage to some one else." *Landis*, 299 U.S. at
21 255. "Generally, stays should not be indefinite in nature" and "should not be granted unless
22 it appears likely the other proceedings will be concluded within a reasonable time."
23 *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir.
24 2007) (citations and internal quotation marks omitted).

25     **B.  Discussion**
26     Under the first two *Landis* factors, "the Court must balance the hardships of the
27 parties if the action is stayed or if the litigation proceeds." *Am. Encore v. Fontes*, No. CV-
28 24-01673-PHX-MTL, 2025 U.S. Dist. LEXIS 121339, *3 (D. Ariz. June 26, 2025).

Plaintiffs argue that their constitutional injury demands expeditious litigation, and they will be prejudiced if they cannot proceed to discovery because "important memories will fade, witnesses will become difficult to locate, and essential records will be lost." (Resp. at 4-7.) Defendants argue that a blanket stay of these proceedings is appropriate because "Plaintiffs would suffer only minimal harm." (Motion at 4.) The minimal harm, according to Defendants, is that Plaintiffs will be delayed in recovering damages and injunctive relief. (*Id*.) Defendants also posit that Plaintiffs have "slow walked" litigation thus far, thereby undercutting Plaintiffs' position that they would be prejudiced by delaying this matter further. (*Id*.)

Defendants rely primarily on *Johnson v. City of Mesa* in making these arguments. No. CV-19-02827-PHX-JAT, 2022 U.S. Dist. LEXIS 7870 (D. Ariz. January 14, 2022). The case at bar is very different from the case in *Johnson*. First, this matter has yet to surpass the pre-answer litigation stage. Whereas the parties in *Johnson* were already afforded the opportunity to engage in discovery practice and summary judgment litigation, *Id*. at *2, the parties here have only conducted limited early discovery to ascertain identities of potential defendants. (Docs. 44, 46-47, 53.) The substantial fact discovery this matter likely requires will take considerable time. *See, e.g.*, *Altamirano v. Cnty. of Pima*, No. CV-15-00169-TUC-RM, 2019 U.S. Dist. LEXIS 200372 (D. Ariz. Nov. 18, 2019) (granting a stay while the defendants appealed the denial of sovereign immunity when the parties already completed discovery and litigated summary judgment).

Second, the type of immunity subject to appeal in this matter derives from the Eleventh Amendment, not the qualified immunity doctrine as it did in *Johnson*. The legal implications underlying qualified immunity—e.g., that there exists no constitutional violation alleged by the plaintiff—is markedly distinct from the implications underlying sovereign immunity—e.g., that a state expressly waives its immunity from suit. In the context of qualified immunity, the defendants in *Johnson* would have been forced to defend details of their alleged conduct at trial (e.g., the officer used excessive force) that are common to both the remaining claims (e.g., plaintiff's state law assault claim) and the

- 6 -

qualified immunity doctrine on appeal. *Id*. at *5. In this matter, Defendants' factual conduct underlying Plaintiffs' claims have no bearing on whether the State of Arizona did or did not waive immunity from this particular suit.

Other cases cited by Defendants are also unlike the case at hand. In several of those cases, the defendants' immunity claim would apply to all defendants or all claims at issue, meaning no case would proceed if the defendants succeeded on appeal. *See Whatsapp Inc. v. NSO Grp. Techs. Ltd.*, 491 F. Supp. 3d 584, 593 (all defendants and claims would be dismissed if the appellate court found that the denial of sovereign immunity was error). Here, the parties are certain that Dr. Crow will remain a defendant in Plaintiffs' Federal Law Claim, no matter the eventual disposition of the Appeal.

The Court disagrees with Defendants that Plaintiffs will only be "minimally" harmed by a blanket stay. The record does not suggest that Plaintiffs "slow walked" litigating this matter. They have defended their claims against multiple rounds of motions to dismiss from several angles and even engaged in early discovery to remedy defects in the earlier versions of their complaints. Even if Plaintiffs "slow walked" thus far, the Court is not persuaded that such litigation strategy precludes Plaintiffs from expeditiously engaging in discovery and disclosure to develop their claims moving forward. A cursory review of Plaintiffs' alleged facts demonstrates that discovery in this matter has the potential to be great, and the parties have yet to break ground. Evidence may become more elusive with the passage of time. Additionally, Plaintiffs allege that they have been deprived of their First Amendment freedoms and continue experiencing harm to their academic standing and future career prospects because of ongoing suspension. (SAC ¶¶ 90, 99, 126.) *See Elrod v. Burns*, 427 U.S. 347, 373 (1976) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."). Delaying Plaintiffs' access to discovery and potential recovery presents a harm that is more than minimal.

Because there is "a fair possibility that the stay . . . will work damage to some one else," Defendants "must make out a clear case of hardship or inequity" that justifies a stay

of these proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 255. Defendants argue that allowing these proceedings to continue will cause them substantial hardship because (1) ABOR would be denied the benefit of sovereign immunity, which contravenes the purpose of the immunity; and (2) Dr. Crow stands to suffer duplicative discovery and reputational harm if Defendants are unsuccessful on Appeal. (Motion at 5-6). Plaintiffs disagree, arguing (1) that the burden of participating in normal litigation does not justify a stay; and (2) discovery will not be duplicative.

The Court is persuaded that Dr. Crow does not make out a clear case of hardship or inequity. The Ninth Circuit declared that "being required to defend a suit, without more, does not constitute a clear case of hardship or inequity within the meaning of *Landis*." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (internal quotation marks omitted). It is a certainty that Dr. Crow will participate in discovery and pretrial motion practice in this matter. He asserts that he is harmed because discovery may be duplicative if his appeal is unsuccessful. However, both of Plaintiffs' claims contain similar facts and allegations, including that Defendants acted pursuant to a "planned crackdown on free speech," which included nearly immediate suspension notices by school administration. (SAC ¶ 56, 70-71.) Therefore, discovery into facts that underlie both the Federal and State Law Claims will not be so duplicative or wasteful as to "substantially harm" Dr. Crow.

On the other hand, ABOR demonstrates a clear case of hardship or inequity if these proceedings continue. ABOR is a defendant to only the State Law Claim, and if Defendants are successful in their Appeal, ABOR will be immune from suit. If ABOR were to be subject to discovery on claims it should be immune from, it would be denied the benefit of its immunity. *Metcalf & Eddy, Inc.*, 506 U.S. at 145 ("[T]he value to the States of their Eleventh Amendment immunity . . . is for the most part lost as litigation proceeds past motion practice."); *Mitchell*, 472 U.S. at 526 (holding that, in the context of an immunity defense subject to appeal, "even such pretrial matters as discovery are to be avoided if possible, as inquiries of this kind can be peculiarly disruptive of effective government") (citation and internal quotation marks omitted); *Am. Encore*, No. 2025 U.S. Dist. LEXIS

121339, at *4 ("[R]equiring parties to conduct 'substantial, unrecoverable, and wasteful' discovery and pretrial motions practice on matters that could be mooted by a pending appeal may amount to hardship or inequity sufficient to justify a stay.").

Finally, under the third *Landis* factor, the orderly course of justice is "measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer*, 398 F.3d at 1110. Here, issuing a blanket stay will result in no more efficiency or simplification than permitting discovery would. As Defendants concede, Dr. Crow will remain a party to the Federal Law Claim no matter the outcome of the Appeal. Issuing a blanket stay will halt productive discovery and case management of a claim that everyone agrees will exist after the Appeal.

## IV.   CONCLUSION

On balance, the hardship and inequity in having this matter proceed as to ABOR weigh in favor of granting a stay. Meanwhile, Dr. Crow has failed to demonstrate such hardship and inequity that could outweigh the hardship to Plaintiffs in delaying this matter further, which weighs against granting a stay. In consideration of the competing interests and this Court's interest in an orderly course of justice, this Court will stay discovery and pretrial motions pertaining to the State Law Claim, in which both Defendants are named, until the Appeal is resolved. The Court will not stay discovery and pretrial motions as to the Federal Law Claim, in which Dr. Crow is the sole defendant. As a practical matter, this Court will stay any trial in this matter until the Appeal is resolved, at which time the universe of claims and defendants will be defined.

**IT IS THEREFORE ORDERED** granting in part, and denying in part, Defendants' Motion for Stay of District Court Proceedings and Deadlines Pending Appeal (Doc. 113).

**IT IS FURTHER ORDERED** staying all further judicial proceedings related to Count II of Plaintiffs' Second Amended Complaint (Doc. 75) pending the Ninth Circuit's ultimate resolution of the appeal number 25-5473.

. . .

**IT IS FURTHER ORDERED** that the parties shall submit a joint Status Report regarding the appeal number 25-5473 no later than ninety days from the date of this Order.

**IT IS FURTHER ORDERED** affirming the <u>telephonic</u> Pretrial Scheduling Conference currently set for **October 7, 2025, at 10:30 AM** (Arizona time), Courtroom #505, Fifth Floor, Sandra Day O'Connor U.S. Courthouse, 401 W. Washington Street, Phoenix, Arizona. The parties are directed to the Court's Order entered August 12, 2025. Notably, the Court still requires that all named parties develop a **<u>joint</u>** proposed case management plan that complies with Fed. R. Civ. P. 26(f). The joint proposed case management plan should still contain brief statements concerning all claims and defenses currently before the Court—including those claims and defenses subject to appeal or this Court's stay, except that any proposed deadlines set forth therein will be treated as pertaining only to Count I of Plaintiffs' Second Amended Complaint (Doc. 75).

**IT IS FURTHER ORDERED** that Defendant Dr. Crow shall file a responsive pleading to Count I of Plaintiffs' Second Amended Complaint (Doc. 75) no later than fourteen days following the date of this Order.

Dated this 22nd day of September, 2025.

Honorable John J. Tuchi
United States District Judge