**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aida Esmeralda Campos, *et al.*, | No. CV-24-00987-PHX-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| Arizona Board of Regents, *et al.*, | |
| Defendants. | |

At issue is Plaintiffs' Motion for Alternative Service of Subpoena (Doc. 124, Mot.). Plaintiffs request permission to serve two subpoenas—one to produce documents and the other to appear for a deposition—upon non-party Jonathan Greenblatt by alternative means. (Mot. at 1.) For the reasons below, the Court will deny the Motion.

Mr. Greenblatt is the CEO of the Anti-Defamation League ("ADL"), and the physical ADL office building is located at 605 Third Avenue, New York, NY 10158-3560. As reported by the process server who attempted to personally serve Mr. Greenblatt, the office building was "high security" and all couriers were routed to the "message center" therein. (Doc. 124-2 at 2.) At the message center, the process server was met by an ADL employee, not Mr. Greenblatt himself. (*Id*.) Despite the high security of the office building, the employee informed the process server that Mr. Greenblatt would not avail himself for personal service unless the server had his "direct contact." (*Id*.) Otherwise, according to the employee, personal service was "never going to happen" because of security risks arising from Mr. Greenblatt's high profile. (*Id*.)

1   Plaintiffs presently request permission to effectuate service upon Mr. Greenblatt by leaving the two subpoenas at the "message center" of the ADL office building. According to Plaintiffs, there is a "reasonable inference that the ADL has an established system for internal processing of subpoenas received by its 'messenger center', a system that can undoubtedly ensure that Greenblatt gets notice of the subpoena." (Mot. at 6.)

No such inference can be reasonably made. Plaintiffs provide no critical details about how this method is calculated to provide Mr. Greenblatt actual receipt of the subpoenas. Missing details include, but are not limited to, whether the message center is staffed, how the message center operates, and the manner and frequency in which the message center delivers mail to office building tenants. Based on the limited information before it, this Court cannot conclude that simply leaving two subpoenas at a message center is reasonably designed to provide Mr. Greenblatt actual receipt of the subpoenas such that he is afforded fair notice and an opportunity to object pursuant to Federal Rule of Civil Procedure 45. *Wells Fargo Bank N.A. v. Wyo Tech Investment Group LLC*, No. CV-17-04140-PHX-DWL, 2019 U.S. Dist. LEXIS 117886, at *9 (D. Ariz. Jul. 16, 2019) (collecting Ninth Circuit cases requiring service in a manner reasonably designed to ensure actual receipt of the subpoena).

**IT IS ORDERED** denying Plaintiffs' Motion for Alternative Service of Subpoena (Doc. 124) without prejudice.

Dated this 23rd day of October, 2025.

Honorable John J. Tuchi
United States District Judge