Keith Beauchamp (012434)
Austin C. Yost (034602)
Andrew T. Fox (034581)
Kelleen Mull (036517)
**COPPERSMITH BROCKELMAN PLC**
2800 North Central Avenue, Suite 1900
Phoenix, Arizona 85004
T: (602) 381-5485
kbeauchamp@cblawyers.com
ayost@cblawyers.com
afox@cblawyers.com
kmull@cblawyers.com

*Attorneys for Defendant Michael Crow*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Aida Esmeralda Campos, et al., | No. 2:24-CV-00987-JJT |
| Plaintiffs, | **JOINT STATEMENT OF DISCOVERY DISPUTE REGARDING USE OF DR. CROW'S VIDEOTAPED DEPOSITION** |
| v. | |
| Arizona Board of Regents, et al., | |
| Defendants. | |

Under this Court's discovery dispute procedures, Defendant Dr. Michael Crow submits the following joint statement of discovery dispute regarding Plaintiffs' use of his videotaped deposition. The counsel below certify that they participated in a conference on May 5, 2026, to confer about this dispute and have reached an impasse.

## I.    DEFENDANT'S POSITION

On April 16, 2026—in social media posts laced with profanity and sensationalized rhetoric—Plaintiffs' counsel announced his intent to publish Dr. Crow's videotaped deposition on TikTok and Instagram.[1] Under Rule 26(c)(1), Dr. Crow seeks a protective order barring improper publication of his videotaped deposition on social media and confidential protection of his deposition transcript pending a ruling on the issue.[2]

Dr. Crow's videotaped deposition was taken on March 31, 2026. At the deposition, Plaintiffs' counsel marked 28 exhibits that had never been disclosed or produced, nearly all of which are irrelevant to the issues in this case. Similarly, much of the questioning was far afield from the issues relevant here. Dr. Crow requests further briefing so that he can provide the Court several specific examples of these irrelevant exhibits and questions.

Rule 26(c)(1) authorizes entry of protective orders to shield parties from "annoyance [or] embarrassment." Good cause exists to restrict use of a videotaped deposition (transcript and video) when evidence shows that it will be sensationalized or weaponized for media attention. *See Flake v. Arpaio*, No. CV-15-01132, 2016 WL 4095831, at *5 (D. Ariz. Aug. 2, 2016) ("the media may sensationalize [a] deposition"); *Paisley Park Enters., Inc. v. Uptown Prods.*, 54 F. Supp. 2d 347, 349 (S.D.N.Y. 1999) (videotaped depositions are "not intended to be a vehicle for generating content for broadcast and other media").

That's exactly what is happening here. This Court previously warned Plaintiffs' counsel against jeopardizing the "fair administration of this lawsuit" with "extrajudicial statements." [Doc. 69 at 9] Dr. Crow's deposition strayed far beyond the claims in this case, veering into various inflammatory tangents using undisclosed, irrelevant documents. Dr. Crow could not limit the questioning at his deposition to relevant issues. *See* Fed. R.

---

[1]    *See* TikTok, thelitig8tor, https://www.tiktok.com/@thelitig8or/video/7629384947874237727 (April 16, 2026); Instagram, thelitig8tor, https://www.instagram.com/p/DXMr9hJjJjM/ (April 16, 2026).

[2] On April 30, 2026—within the protective order's 30-day window—Defendant designated his deposition transcript confidential pending resolution of this dispute.

1

Civ. P. 30(c)(2) ("[T]he testimony is taken subject to any objection."); Fed. R. Civ. P. 32(d)(3)(A) (relevance objections are "not waived"). But Plaintiffs should not now be permitted to publicize the footage to publicly harass and embarrass Defendant. Dr. Crow thus requests entry of a protective order limiting use of the videotaped deposition to this litigation. This is not a request for "blanket secrecy." Rather, it is a request that would restrict Plaintiffs from using the deposition for publicity purposes unrelated to this case.

## II.    PLAINTIFFS' POSITION

Defendant's request should be denied because it seeks blanket secrecy without the showing Rule 26(c) requires. Discovery is presumptively public absent good cause, and the party seeking protection bears the burden to show that "specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also San Jose Mercury News, Inc. v. U.S. District Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("fruits of pretrial discovery" are "presumptively public" absent court order). "[T]he burden of proof … remains with the party seeking protection," and the party opposing disclosure must show particularized harm. *In re Roman Cath. Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011); (Doc. 69 at 4, 6). Defendant identifies no page, line, answer, exhibit, privilege, private identifier, or concrete injury. He instead seeks to embargo the entire deposition because Plaintiff will show the public sworn testimony of Defendant – a public official appointed by an Arizona state entity – in a civil-rights case involving the arm of the state that Defendant heads. That is not good cause. It is reputational discomfort arising from voluntary testimony under oath, and it has been expressly rejected by the Ninth Circuit as grounds for overcoming the public's presumptive access to public records. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("The mere fact that the production of records may lead to a litigant's embarrassment" is insufficient, without more, to justify sealing litigation records). Indeed, "because release of information not intended by the [deponent] to be for public consumption will almost always have some tendency to embarrass, an applicant for a protective order whose chief concern is embarrassment must

-2-

demonstrate that the embarrassment will be particularly serious." *Hawley v. Hall*, 131 F.R.D. 578, 585 (D. Nev. 1990). And the risk must outweigh "[t]he public interest in the conduct of public officials…" *Id.* Defendant has not even attempted to make that showing here.

"[M]ere publication to the public is not an improper use of information that is presumptively accessible by the public…" (Doc. 69 at 9). Defendant's hyperbolic descriptions of, and feigned concern about, counsel's commentary does not change that Rule 26(c) analysis. The Court has already addressed the issue: ER 3.6 governs extrajudicial statements by counsel. (Doc. 69 at 9). Plaintiff will comply with ER 3.6. But nothing about ER 3.6 makes Defendant's sworn testimony confidential. And Defendant's authorities do not support his request. The *Flake v. Arpaio* court acknowledged the possibility of media sensationalization and still denied a protective order. No. CV-15-01132-PHX-NVW, 2016 WL 4095831, at *5 (D. Ariz. Aug. 2, 2016). *Paisley Park Enterprises, Inc. v. Uptown Productions* is a non-binding opinion regarding copyright concerns of a famous, but private citizen, and evidence that the recording would be used to generate notoriety for the very business ventures that gave rise to suit. 54 F. Supp. 2d 347, 349 (S.D.N.Y. 1999). Finally, Defendant's dissatisfaction with the deposition does not create confidentiality. If Defendant contends exhibits were improper or questions exceeded permissible bounds, those are deposition objections; not grounds to restrict the entirety of the transcript/video. The Court should deny the requested protective order.

RESPECTFULLY SUBMITTED this 14th day of May, 2026.

**COPPERSMITH BROCKELMAN PLC**

By /s/ *Austin C. Yost*
Keith Beauchamp
Austin C. Yost
Andrew T. Fox
Kelleen Mull

*Attorneys for Defendant Michael Crow*

-3-

**CONSUMER JUSTICE LAW FIRM PLC**

By */s/David Chami (w/ permission)*
    David Chami
    Michael Yancey

*Attorneys for Plaintiffs*

-4-