Keith Beauchamp (012434)
Austin C. Yost (034602)
Andrew T. Fox (034581)
Kelleen Mull (036517)
**COPPERSMITH BROCKELMAN PLC**
2800 North Central Avenue, Suite 1900
Phoenix, Arizona 85004
T: (602) 381-5490
kbeauchamp@cblawyers.com
ayost@cblawyers.com
afox@cblawyers.com
kmull@cblawyers.com

*Attorneys for Defendant Michael Crow*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Aida Esmeralda Campos, et al., | No. 2:24-CV-00987-JJT |
| Plaintiffs, | **NOTICE OF SUBPOENA** |
| v. | |
| Arizona Board of Regents, et al., | |
| Defendants. | |

Notice is hereby given that, pursuant to Federal Rules of Civil Procedure 45, Defendant Dr. Michael Crow has issued and intends to serve the attached subpoena commanding the production of documents on Blaze Pizza, LLC.

RESPECTFULLY SUBMITTED this 26th day of May, 2026.

**COPPERSMITH BROCKELMAN PLC**

By /s/ Austin C. Yost
        Keith Beauchamp
        Austin C. Yost
        Andrew T. Fox
        Kelleen Mull

*Attorneys for Defendant Michael Crow*

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Arizona

| | |
|---|---|
| Aida Esmeralda Campos, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:24-CV-00987-JJT |
| Michael Crow, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Blaze Pizza, LLC

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.

| Place: 2525 Natomas Park Dr., Suite 330 Sacramento, California 95833 | Date and Time: 06/17/2026 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    05/26/2026

CLERK OF COURT

OR

_____          /s/ Kelleen Mull
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendant Michael Crow, et al._____ , who issues or requests this subpoena, are:

Kelleen Mull, Coppersmith Brockelman PLC 2800 N. Central Ave., # 1900, Phoenix, AZ 85004 kmull@cblawyers.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:24-CV-00987-JJT

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**

PLEASE TAKE NOTICE, under Federal Rules of Civil Procedure 45(a)(1)(C) and (D), that Defendant Dr. Michael Crow, through his undersigned counsel, requests the production of documents, electronically stored information, and tangible things from Blaze Pizza, LLC on or before June 17, 2026 at Coppersmith Brockelman PLC, located at 2800 North Central Avenue, Suite 1900, Phoenix, Arizona 85004 or through email to Kelleen Mull at kmull@cblawyers.com or by regular mail at the address listed above.

**I.    Definitions**

1.    "You," "Your," and "Blaze Pizza" means Blaze Pizza, LLC, its predecessors in interest, agents, and representatives, and any person acting on its behalf.

2.    "Any" means "any and all." Similarly, "All" means "any and all."

3.    "Arizona State University" means Arizona State University, the Arizona Board of Regents, and any employees, agents, and representatives acting on its behalf.

4.    "Communication(s)" means written, oral, telephonic, or other inquiries, dialogues, discussions, conversations, interviews, correspondence, electronic messages, text messages, iMessages, consultations, negotiations, agreements, understandings, meetings, letters, notes, advertisements, emails, and Documents evidencing any verbal or nonverbal interaction between persons or entities.

5.    "Document(s)" includes the items listed in Federal Rule of Civil Procedure 34(a)(1) as well as hard copy documents, electronic documents, electronically stored information, emails, text messages, and iMessages.

6.    "Emma Davis" means Emma Davis and any other person acting for, on behalf of, or under the authority or control of Emma Davis, including David Chami, Michael Yancey, or any other representative of the Consumer Justice Law Firm.

7.    "Person" means natural persons, corporations, trusts, joint ventures, groups, associations, proprietorships, partnerships, institutes, organizations, and any other business, governmental or legal entities, including any divisions, departments, and units.

8.    "Personnel File" means all documents that You maintain regarding an employee, regardless of whether such Documents are maintained in a physical file, electronic system, or any other format or location.

9.    "Protest" means the April 26, 2024 demonstration on ASU's Tempe campus on the Alumni Lawn near Old Main.

10.    "Refers," "Referring to," and "Regarding," as used herein, shall be interpreted liberally so as to include, without limitation, the following meanings: discusses, mentions, describes, responds to, pertains to, identifies, concerns, constitutes or is in any way relevant to the given subject.

11.    "Relates," "Related," "In Relation to," or "Relating to" means evidencing, concerning, supporting, negating, refuting, embodying, containing, memorializing, comprising, reflecting, analyzing, constituting, describing, identifying, referring to, referencing, discussing, indicating, connected with, or otherwise pertaining in any way, in whole or in part, to the subject matter referred to in each demand.

**II.    Instructions**

1.    Please produce all Documents in the order and condition in which they are maintained, including any file identification information.

2.    This subpoena applies to all Documents or things in Your possession, custody, or control, regardless of their location and regardless of whether such Documents or things are held by Your agents, employees, representatives, attorneys, accountants, or any other person or entity. You are requested to make a diligent search of your records or other papers and materials in Your possession to the extent necessary to provide responsive Documents or things.

3.    Unless otherwise indicated, (1) this subpoena seeks Documents and things through the present date, and (2) this subpoena contains continuing requests. In the event that You become aware of or acquire possession, custody, or control of additional responsive Documents or things, You shall promptly produce these additional Documents or things for inspection and copying.

-2-

4.    If You object to any portion of any request, identify the portion to which You object, answer the remainder, and produce all Documents and parts of Documents to which Your objection does not apply. If You are unable to respond to any portion of a request, respond to all portions to which You can respond, and explain the reason for Your inability to respond to the remainder.

5.    If You have no Documents or things responsive to a particular request, please so state. If any Document which would have been identified in response to any request for production was, but is no longer, in Your possession or custody or subject to Your control, in addition to providing any requested information of which You have knowledge regarding such Document, state the present location of such Document.

6.    If You withhold Documents responsive to a request that You claim are protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity, please identify in writing each Document withheld by providing at least the following information:

A.    State the name of the privilege claimed (e.g., attorney-client, work product);

B.    State the name of the attorney, if any, with respect to whom the privilege is claimed;

C.    State the facts upon which You rely as to the basis for claiming the privilege as to the specific Document;

D.    State the date of the Document;

E.    Identify the type of Document (e.g., letter, memorandum);

F.    Identify each person who prepared it and each person who signed it;

G.    Identify each person to whom it was directed, circulated, or shown; and

H.    Identify each person now in possession of the Document.

## III.    Requested Documents

**Request No. 1:** All Documents and Communications regarding Emma Davis's employment application, hiring, onboarding, or any offer of employment, including any background check results and reference checks.

-3-

**Request No. 2:** All Documents and Communications regarding Emma Davis's job performance, including performance reviews, disciplinary records, warnings, improvement plans, resignation letters, termination records, and any notes or Communications reflecting the reasons for any voluntary or involuntary separation.

**Request No. 3:** All Documents and Communications regarding any adverse employment action taken against Emma Davis, including any denial of employment, termination, demotion, reduction in hours or compensation, or failure to promote, and the reasons stated or considered for such action.

**Request No. 4**: All Documents and Communications regarding wage statements, records reflecting hours worked, and payroll records for Emma Davis.

**Request No. 5:** All Communications with Emma Davis related to this lawsuit, the Protest, and any related student disciplinary proceedings or arrests.

**Request No. 6:** All Documents and Communications comprising or contained in Emma Davis's Personnel File.