David Chami, AZ Bar No. 027585
dchami@consumerjustice.com
Michael Yancey, AZ Bar No. 37187
myancey@consumerjustice.com
**CONSUMER JUSTICE LAW FIRM PLC**
8095 N. 85th Way
Scottsdale, Arizona 85258
T: (480) 626-2359
F: (480) 613-7733

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Aida Esmeralda Campos, et al., | No. 2:24-CV-00987-JJT |
| Plaintiffs, | **JOINT STATEMENT OF DISCOVERY DISPUTE REGARDING REDACTION OF DEFENDANT MICHAEL CROW'S NON-PUBLIC-FACING EMAIL ADDRESS** |
| v. | |
| Arizona Board of Regents, et al., | |
| Defendants. | |

Under this Court's discovery dispute procedures, Plaintiffs submit the following joint statement of discovery dispute regarding the redaction of Defendant Michael Crow's non-public-facing email address in communications produced by Defendant in response to requests for production. The counsel below certify that they participated in a conference on April 23, 2026, to confer about this dispute and have reached an impasse.

## I.    PLAINTIFFS' POSITION

Defendants should be ordered to reproduce the responsive communications with Defendant's nonpublic-facing ASU email address unredacted. At his deposition, Defendant testified that his nonpublic-facing email address is the email that he monitors and uses, while public-facing messages go to other addresses managed largely by communications. That makes the exact address used in each produced communication probative of whether a message likely reached Defendant personally, whether it was routed through staff, whether staff authored or transmitted a response in his name, and whether Crow's claimed lack of knowledge of certain messages is credible.

Defendant's unilateral redaction is improper because it is not privilege-based. Defendant has argued during the parties' meet and confer process that the address is irrelevant, that public disclosure could create doxing or email-volume concerns, and that Plaintiffs can use generic third-party requests for "Michael Crow" or "@asu.edu" instead. That argument fails at the first step. Rule 34 governs production of documents, not curated excerpts. Courts in this Circuit consistently hold that "[r]edaction is generally an inappropriate tool" for removing allegedly irrelevant material from responsive documents. *Doe v. Trump*, 329 F.R.D. 262, 276 (W.D. Wash. 2018). Furthermore, "[r]edactions are highly disfavored where there is a protective order in place." *Magana-Munoz v. W. Coast Berry Farms, LLC*, No. 5:20-CV-02087-EJD, 2022 WL 6584545, at *2 (N.D. Cal. Sept. 29, 2022). Because there is a protective order in place, Defendant's **sole** relevant objection is one of relevance, and Defendant has the "heavy burden of clarifying, explaining, and supporting] that objections. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir.1975).

Defendant has not done so. To support its relevance objection, Defendant proposes discovery substitutes; but those substitutes are facially insufficient. A request for "Michael Crow" may miss aliases, display-name variations, forwarded threads, BCC fields, address-only metadata, and staff-originated messages. A request for all "@asu.edu" communications is overbroad by design and still does not tell Plaintiffs which account was used in Defendants' own production. Email address and header fields are part of the ESI

1

that provides provenance and context and are therefore presumptively discoverable. *See Javo Beverage Co. v. Cal. Extraction Ventures*, Inc., 2020 WL 2062146, at \*7-8 (S.D. Cal. Apr. 29, 2020) (recognizing that metadata is ordinarily discoverable and must be produced "as [it] is kept in the usual course of business ...."). Here, the address bears directly on authorship, authentication, thread integrity, collection sufficiency, and impeachment.

Defendant's "doxing" concern, even if credited, does not support unilateral redaction. As an aside, it is undisputed that non-ASU-affiliated individuals and entities have access to the address at issue, including Jonathan Greenblatt and the ADL, without safeguards such as the protective order in effect in this case. Why such third parties have a stronger right to possess relevant information than Plaintiffs in this case is inexplicable. Regardless, Plaintiffs already offered to resolve the issue through an amendment to the protective order to add an AEO provision. That was rejected, proving that Defendant's position regarding distribution of the address is a litigation manufactured excuse; if it were genuine, an AEO would suffice. The Court should order Defendant to reproduce the affected documents with Defendant's nonpublic-facing ASU email address unredacted.

## II.   DEFENDANT'S POSITION

Dr. Crow redacted his non-public-facing ASU email address in emails produced to Plaintiffs. He left unredacted his public-facing email addresses, Michael.Crow@asu.edu and president@asu.edu, along with the sender, recipient, date, subject, and body of each communication. Plaintiffs have no good reason to seek an order forcing Dr. Crow to un-redact the non-public-facing email address itself. The Court should deny their request.

Compelling reasons justify the decision to redact Dr. Crow's non-public-facing ASU email address. Most critically, disclosure risks exposing the account to doxing—the malicious online publication of personal information to enable harassment and intimidation. Dr. Crow's public-facing email addresses, which are managed by staff in his office who consult with him and others as needed, receive thousands of unsolicited emails every day. Subjecting Dr. Crow's non-public-facing email address to a similar volume of general messages, likely including spam, phishing, and harassment, would deprive it of its operational utility. That risk is especially acute here because Plaintiffs' counsel has repeatedly used social media to publicize this litigation. [*See, e.g.*, Docs. 147, 165, 177] Courts recognize these risks as compelling grounds for redaction. *See, e.g.*, *Chelsey Nelson Photography LLC v. Louisville/Jefferson Cnty. Metro Gov't*, No. 3:19-CV-00851, 2025 WL 1151680, at *4 (W.D. Ky. Apr. 18, 2025) (permitting a plaintiff to seal her "contact information"; if someone were to "publicize her *private* e-mail . . . , it would risk exposing her to harassment that she has a justifiable privacy interest in preventing"); *A.H. v. Wynn L.V., LLC*, No. 2:24-CV-01041, 2026 WL 674499, at *4 (D. Nev. Mar. 9, 2026) (permitting the redaction of non-party email addresses because "email addresses could be used as a vehicle for improper purposes, including harassment and phishing attempts").

Plaintiffs fail to overcome these interests. Dr. Crow's non-public-facing email address is irrelevant. Because the redactions withhold only the non-public-facing email address, Plaintiffs know from the redactions themselves that each communication was sent to or from the non-public-facing account. And the production reveals the sender, recipient, date, subject, and message content. Plaintiffs have all the information that matters.

-3-

Plaintiffs' existing third-party discovery confirms the point. They can subpoena emails exchanged with "Michael Crow" at an address ending in "@asu.edu." This would capture the non-public-facing account without exposing it. In fact, Plaintiffs have already subpoenaed the ADL and Jonathan Greenblatt for "[a]ll communications . . . between You and Michael Crow from October 7, 2023 through the present." [Doc. 162-1] That subpoena would capture responsive communications involving the non-public-facing account while preserving the redaction—proving that the non-public-facing account itself is unnecessary.

This Court should deny Plaintiffs' request. If the Court nonetheless orders disclosure, it should require an amended protective order with an attorneys'-eyes-only designation and permit Dr. Crow to reproduce these communications with that designation.

RESPECTFULLY SUBMITTED this 30th day of June, 2026.

/s/David Chami
David Chami, AZ Bar No. 027585
dchami@consumerjustice.com
Michael Yancey, AZ Bar No. 37187
myancey@consumerjustice.com
**CONSUMER JUSTICE LAW FIRM PLC**
8095 N. 85th Way
Scottsdale, Arizona 85258
T: (480) 626-2359
F: (480) 613-7733

Attorneys for Plaintiffs

**COPPERSMITH BROCKELMAN PLC**

By /s/ Austin Yost
Keith Beauchamp
Austin C. Yost
Andrew T. Fox
Kelleen Mull

*Attorneys for Defendant Michael Crow*

-4-

**CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2026, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter. Since none of the attorneys of record are non-ECF participants, hard copies of the foregoing have not been provided via personal delivery or by postal mail.

*/s/ Roxanne Harris*