David J. Bodney (006065)
Matthew E. Kelley (037353)
BALLARD SPAHR LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400
Facsimile: 602.798.5595
Email: kelleym@ballardspahr.com

*Attorneys for Non-Parties Jonathan Greenblatt
and the Anti-Defamation League*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Aida Esmeralda Campos, et al., | NO. 2:24-CV-00987-JJT |
| Plaintiffs, | **NON-PARTIES JONATHAN GREENBLATT'S AND THE ANTI-DEFAMATION LEAGUE'S REPLY IN SUPPORT OF MOTION TO QUASH SUBPOENAS** |
| vs. | |
| Michael Crow, et al., | |
| Defendants. | (Oral Argument Requested) |

<u>**Introduction**</u>

Non-Parties Jonathan Greenblatt and the Anti-Defamation League ("ADL") (together, the "Non-Parties") respectfully submit this Reply in support of their Motion to Quash Subpoenas (the "Motion"). The Opposition confirms what the Motion demonstrated: Plaintiffs' Subpoenas are driven by an ideological and conspiratorial vendetta against the Non-Parties, not a legitimate need for non-party discovery. The Opposition does not dispute that Plaintiffs' counsel publicly announced his intent to use the Subpoenas to expose ADL's "dirty reasons" for its advocacy—it merely insists that such statements are protected speech. The Non-Parties never contested Plaintiffs' counsel's First Amendment right to voice his ideological beliefs. However, the First Amendment does not entitle counsel to weaponize the Court's subpoena power in furtherance of a personal campaign against a non-party. Nor does the Opposition overcome the fundamental relevance problem at the heart of this dispute: any ADL documents that could have influenced Dr. Crow are already in Dr. Crow's and Arizona State University's possession,

and any ADL documents that Crow never saw are irrelevant to his decision-making. The Opposition's remaining arguments—that the Subpoenas are proportionate, that ADL has not demonstrated burden, and that the journalist's privilege does not apply—are equally unavailing. The Motion should be granted.

## I. PLAINTIFFS' COUNSEL'S CONSTITUTIONALLY PROTECTED SPEECH PROVES HE ISSUED THE SUBPOENAS FOR AN IMPROPER PURPOSE.

The improper purpose behind the Subpoenas could not be clearer. Plaintiff's counsel broadcast to the world on social media that his attempts to seek discovery from ADL and Mr. Greenblatt were not good-faith efforts to uncover relevant information for this lawsuit. Instead, he called Mr. Greenblatt a "punk" and said he wanted this discovery "to get into all of the dirty reasons why the ADL was trying to suppress speech of American citizens on university campuses." *See* Mot. at 8 (providing link to and screenshots of that TikTok video).

Plaintiffs attempt to deflect accountability by asserting that the Non-Parties' arguments regarding the Subpoenas' improper purpose are merely "conclusory." Opp. at 16. Nothing could be further from the truth. Plaintiffs' counsel's improper and harassing purpose for the Subpoenas is incontrovertible. He said so himself.

To be sure, Plaintiffs' counsel has a First Amendment right to say what he said. But the fact that he has a constitutional right to admit his improper purpose for these third-party discovery demands or to criticize Mr. Greenblatt does not excuse his attempts to weaponize discovery in this lawsuit to seek irrelevant information to serve his personal vendetta against his perceived ideological opponents. Rule 45's requirement that parties avoid imposing undue burden or expense on third parties is aimed at preventing this kind of abuse.

Plaintiffs cite *Phillips v. GMC*, 307 F.3d 1206, 1210-14 (9th Cir. 2002), for the proposition that "[i]mproper purpose is assessed objectively, by the nature of the discovery sought, not the identity or views of the attorney seeking it." Opp. at 16. That's not what *Phillips* says – it deals with a newspaper's motion seeking access to sealed records, not

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555

discovery requests, and the phrase "improper purpose" appears nowhere in the opinion. *See id.* To the contrary, although it is true that improper purpose is assessed objectively, a court considering discovery sanctions "may inquire into the [attorney's] actual knowledge and motivation to determine whether a discovery request, response or objection was interposed for an improper purpose." *St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp.,* 198 F.R.D. 508, 516 (N.D. Iowa 2000). Plaintiffs' counsel's social media postings are conclusive proof of his improper motivation.

Plaintiffs also misrepresent the holding of *Mount Hope Church v. Bash Back*, 705 F.3d 418, 429 (9th Cir. 2012), characterizing the case as holding that "[a] facially valid subpoena targeting persons identified in the operative pleading precludes a finding of bad faith." Opp. at 16. Not so. The Ninth Circuit held that a finding of bad faith was necessary to impose sanctions under Rule 45(c)(1) for a facially valid subpoena. *Mount Hope Church*, 705 F.3d at 429. Moreover, as discussed in the Motion and *infra*, the Subpoenas are overbroad and improper on their face.

The Opposition's "course of dealing" argument further undermines Plaintiffs' position. Plaintiffs claim that withdrawing the first subpoenas and then serving broader ones reflects "proper discovery sequencing." Opp. at 17. The record tells a different story. The Non-Parties negotiated in good faith to resolve the first subpoenas, providing a list of the 85 universities that received Greenblatt's April 22, 2024 email in exchange for Plaintiffs' withdrawal of those subpoenas. Mot. at 5.[1]

Barely five months later, Plaintiffs returned with four subpoenas seeking *vastly* more information and without any of the limitations counsel had previously discussed. The

---

[1] Despite ADL's declaration listing the 85 institutions that received this email, Plaintiffs mischaracterize it as "a series of demands regarding ASU's response to campus protests." *See* Opp. at 2; *see also id.* at 1, 10 (characterizing the email as a "demand letter" directed at Dr. Crow). As "proof" Plaintiffs cite the fact that Dr. Crow responded to that email, but the fact that he responded does not show that the same email was not sent to 84 other institutions as explained by ADL. Plaintiffs also falsely state that the Non-Parties claimed this was the only communication between Mr. Greenblatt and Dr. Crow. *Id.* at 1, 7. The Non-Parties merely observed that the April 2024 email sent to 85 universities was "Plaintiffs' apparent 'hook' for dragging Mr. Greenblatt and ADL into this matter" because it is the only communication between ADL and Dr. Crow mentioned in the Second Amended Complaint. Mot. at 10.

3

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555

Document Subpoenas seek a whopping 37 categories of documents from Mr. Greenblatt and 52 categories of documents from ADL. *See* Mot. Exs. G, H. The subpoena seeking ADL's deposition boasts 58 topics. *Id.* Ex. I. This amplification of scope is the opposite of the proportional, deposition-informed tailoring that Plaintiffs claim. Opp. at 17. The withdrawal-and-return pattern here confirms that the Subpoenas are vindictive and not in service of necessary discovery.[2]

**II.    THE OPPOSITION CONFIRMS THE SUBPOENAS SEEK IRRELEVANT INFORMATION.**

Plaintiffs cannot escape a stubborn dichotomy: documents and information responsive to the Subpoenas either are (1) in the possession of Dr. Crow and ASU—in which case they are obtainable through party discovery—or (2) outside their possession, in which case they could not have influenced Dr. Crow's decision-making and are irrelevant. *See* Mot. at 10-12. The Opposition identifies no middle ground. Plaintiffs' failure to meet their burden to show that the Subpoenas seek relevant information provides an independent reason to grant the Non-Parties' Motion. *See Extremity Med. LLC v. Fusion Orthopedics LLC*, No. MC-26-00012-PHX-GMS, 2026 U.S. Dist. LEXIS 123565, at *3 (D. Ariz. June 3, 2026) (noting that "the party issuing the subpoena must demonstrate that the discovery is relevant") (citation omitted).

Indeed, the Opposition concedes that the Subpoenas seek to "capture information Defendant never possessed" that "do[es] not exist in Defendant's files." Opp. at 9-10. Despite this admission, Plaintiffs insist these documents are nonetheless relevant to Dr. Crow's decision-making. *Id.* This is a non sequitur. If Dr. Crow never saw a document, it

---

[2] Plaintiffs falsely accuse counsel for the Non-Parties of refusing to negotiate in good faith regarding the scope of discovery. Opp. at 5.  Counsel for the Non-Parties initiated the meet and confer process for both sets of Subpoenas despite having no obligation to do so pursuant to Local Rule 7.2(j), which applies only to parties. *Walker v. AIU Ins. Co.*, No. CV-23-01641-PHX-JAT, 2024 U.S. Dist. LEXIS 196065, at *4-5 (D. Ariz. Oct. 29, 2024).  Plaintiffs' counsel declined to withdraw the Subpoenas despite the fact that the information and materials sought are all either irrelevant or in Dr. Crow's possession and said he intended to depose Mr. Greenblatt and ADL's representative about irrelevant topics such as the intent behind the Non-Parties' communications with ASU and other universities.  *See* Mot. at 6.

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555

could not have influenced his rationale for the actions at issue. It is facially absurd to argue that internal ADL assessments, grading criteria, or other one-sided documentation that *never reached* Dr. Crow could bear on whether he violated Plaintiffs' First Amendment rights. *See Walker v. AIU Ins. Co.*, No. CV-23-01641-PHX-JAT, 2024 U.S. Dist. LEXIS 196065, at *9 (D. Ariz. Oct. 29, 2024) ("[I]f Defendants are not aware or in possession of information, 'it cannot be attributed to Defendants' knowledge.'") (citation omitted).

The inverse is equally true: any records that *could* have influenced Dr. Crow would already be in Dr. Crow's and ASU's possession. Plaintiffs' own brief establishes as much. Every communication that Plaintiffs recite—the April 11 Report Card email, the April 22 directive, Greenblatt's reply, the May 8 after-action report, the June 18 commendation, the April 2025 grade letter—is a communication to or from Dr. Crow or ASU and is therefore already in ASU's custody. Opp. at 7-8, 12-13. The Opposition announces that 662 pages of communications between ASU and ADL have *already been produced in discovery*. Opp. at 4. The Opposition does not identify a *single* communication that was not produced in party discovery that could bear on Plaintiffs' claims—confirming that any relevant documents obtained via a fishing expedition into the Non-Parties' files would merely duplicate material already available through party discovery. The law is clear that "[i]f the records or information are available from a party, Plaintiff[s] should ordinarily seek it from a party, not a non-party." *Martinez v. Ryan*, No. CV-19-4449-PHX-DLR (JFM), 2020 U.S. Dist. LEXIS 272794, at *2-3 (D. Ariz. Jan. 30, 2020); *see also Williams & Cochrane LLP v. REDW LLC*, No. MC-20-00023-PHX-SMB, 2020 U.S. Dist. LEXIS 138296, at *15 (D. Ariz. Aug. 3, 2020) (quashing non-party subpoena where documents could be obtained from a party). Here, Plaintiffs have "not made a sufficient showing that the sought-after discovery is non-cumulative." *Jacoby v. Bd. of Supervisors of Univ. of La. Sys.*, 70 F. Supp.3d 1087, 1090 (E.D. Cal. Dec. 21, 2023) (rejecting speculative rationale for why already-produced copies of communications are insufficient). As Plaintiffs' counsel admits in his social media posting, "we have that email already." https://www.tiktok.com/@thelitig8or/video/7571268377197481247 (posted Nov. 10,

2025).

Moreover, many of the documents that Plaintiffs seek, including ADL's public statements on antisemitism, are available on ADL's website. *See* Mot. at 5 n.3; *see also* https://go.adl.org/campus-antisemitism-report-card. Publicly available information is not the proper subject of third-party discovery. *See Extremity Medical*, 2026 U.S. Dist. LEXIS 123565, at *4 (quashing third-party subpoenas to the extent they seek information that is available publicly or from a party). Rather than acknowledge this well-established principle, Plaintiffs insist that they must be allowed to force Non-Parties to search for, compile and produce publicly available information such as ADL's "public guidance to universities on protest response," "public statements" and "ASU's [publicly available] Report Card grade and commendation." Opp. at 13. Plaintiffs should not be permitted to conscript Non-Parties into conducting publicly available research on Plaintiffs' behalf.

The Opposition invokes *Mi Familia Vota v. Hobbs*, 343 F.R.D. 71 (D. Ariz. 2022), for the proposition that availability from a party is "not dispositive." Opp. at 8. But *Mi Familia Vota* held that availability is only "one relevant consideration," *id.* at 95 n.21, and it sustained the subpoena only because the non-party's records had independent evidentiary value not otherwise obtainable from parties. *Id.* at 96. Here, the operative communications were between the Non-Parties and Dr. Crow and ASU. There is no value in obtaining the Non-Parties' copies of emails that Defendant already produced.

Plaintiffs speculate that ADL's files may contain "metadata showing when and to whom ADL forwarded its communications internally, BCC recipients on the emails involving Defendant, [and] internal deliberations about ASU's Report Card score." Opp. at 10. But Plaintiffs do not and cannot explain how such information could possibly be relevant. Metadata from emails *sent to Dr. Crow* are obtainable from ASU's copies in native format through ordinary party discovery, and internal ADL deliberations and communications that Dr. Crow never saw are irrelevant.

The Opposition's most creative argument—that Dr. Crow's denial of ADL's influence makes ADL's records *more* relevant—is a logical fallacy. Opp. at 7-8. A party's

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555

6

denial under oath of influence would make influence *less* likely and thus the relationship *less* relevant, not more. The proper mechanism for testing Dr. Crow's denial is cross-examination and impeachment through party discovery—not an unbounded fishing expedition into the files of a non-party for materials Dr. Crow never laid his eyes on. *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1072 (9th Cir. 2004). Even if Dr. Crow had admitted that he was influenced by ASU's report grade (he did not), such an admission would not change the fact that any documents that ADL unilaterally possesses played no part in Dr. Crow's decision-making. The Subpoenas should be quashed on relevance grounds alone.

### III.    THE OPPOSITION AVOIDS THE ACTUAL BREADTH OF THE SUBPONEAS.

The Opposition attempts to recast the Subpoenas as a narrow set of "targeted" requests. Opp. at 12-13. But the Court must evaluate the Subpoenas as written, not as Plaintiffs now wish they had drafted them. *See Games2U, Inc. v. Game Truck Licensing, LLC*, No. MC-13-00053-PHX-GMS, 2013 U.S. Dist. LEXIS 114907, at *6 (D. Ariz. Aug. 9, 2013) (court "will not accept post-hoc characterizations of the subpoena"). The Subpoenas seek 52 categories of documents from ADL, 37 categories from Greenblatt, and testimony on 58 deposition topics, many of which are extremely broad—not the slimmed-down handful the Opposition highlights. As this Court recognized in *Walker*, a party's offer to limit a subpoena upon consultation "essentially confirm[s] that at face value, their subpoena is proportionately overbroad." 2024 U.S. Dist. LEXIS 196065, at *11.

The Opposition attempts to distinguish *Walker* by arguing that the subpoena in that case was a "blanket demand . . . with no particularized requests." Opp. at 15. But a request for *all* public statements about "Hamas, Israel, Palestine, Gaza, antisemitism, terrorism, SJP, [and] anti-Zionism" by an organization committed to combatting antisemitism and a demand for deposition testimony on 58 topics—including ADL's understanding of Title VI, the IHRA definition, and conditions at Columbia University—is precisely the kind of blanket demand that *Walker* condemned. Moreover, the requests Plaintiff claim are "targeted" seek copies of emails Plaintiffs *already received from Dr. Crow in discovery* or

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555

are otherwise publicly available. *See* Opp. at 12. That the Subpoenas also contain some arguably particularized requests does not cure the overbreadth of the remainder. The Court should evaluate the Subpoenas on their face, and on their face, they are impermissibly overbroad.

**IV. THE OPPOSITION EFFECTIVELY CONCEDES THAT THE JOURNALIST'S PRIVILEGE APPLIES TO INFORMATION TARGETED BY THE SUBPOENAS.**

The Opposition tacitly admits that "some materials [targeted by the Subpoenas] may warrant protection" pursuant to the journalist's privilege recognized under the First Amendment and Arizona law. Opp. at 11. But it also argues that the journalist's privilege does not shield "direct advocacy communications" sent to Dr. Crow. Opp. at 11. This argument conflates two categories of materials. The Non-Parties do not contend that the privilege necessarily shields every email sent directly to Dr. Crow. Indeed, those emails are already in ASU's possession and obtainable through party discovery (to the extent Plaintiffs have not obtained them already). The privilege protects the information and materials ADL gathered in the course of producing its publications, including its Campus Antisemitism Report Card, its newsletters reaching over 300,000 subscribers, and its research reports on campus antisemitism—materials that Plaintiffs seek. *See Shoen v. Shoen*, 5 F.3d 1289, 1292-93 (9th Cir. 1993) ("*Shoen I*") (privilege applies to anyone who, "at the inception of the newsgathering process," intended to disseminate material to the public). At least one court has specifically held that materials gathered in the course of ADL's publishing activities qualify for this privilege. *Anti-Defamation League of B'nai B'rith v. Superior Court*, 67 Cal. App. 4th 1072, 1098 (1998).

The Opposition's reliance on *Anti-Defamation League of B'nai B'rith* undercuts Plaintiffs' position. The California Court of Appeals held that the privilege applies "only insofar as the information sought to be discovered was obtained and used by them for legitimate journalistic purposes," 67 Cal. App. 4th at 1077, and it *permitted* discovery of materials gathered for non-journalistic purposes while *protecting* materials gathered for publication. The Subpoenas sweep far beyond specific emails to and from Dr. Crow to

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555

demand ADL's internal research materials, scoring criteria, and grading deliberations—precisely the kind of "unpublished newsgathering material" that the privilege protects. *Jacoby*, 709 F. Supp. 3d at 1090. To overcome that privilege for materials held by a non-party, Plaintiffs must show that the material is "(1) unavailable despite exhaustion of all reasonable alternative sources; (2) noncumulative; and (3) clearly relevant to an important issue in the case." *Shoen v. Shoen*, 48 F.3d 412, 418 (9th Cir. 1995) ("*Shoen II*"). Plaintiffs have not made and cannot make this showing. The Greenblatt-Crow communications are available from ASU, making them cumulative and not "unavailable." And ADL's internal editorial materials are irrelevant to Dr. Crow's decision-making for the reasons stated above.

**V.    THE SUBPOENAS ARE SO FACIALLY OVERBROAD AND IRRELEVANT THAT A DECLARATION AS TO UNDUE BURDEN IS UNNECESSARY.**

The Opposition argues that Non-Parties have failed to demonstrate undue burden because the Motion "contains no custodian declaration, no cost estimate, and no document-volume projection." Opp. at 15. But the cases Plaintiffs cite involved facially proportionate requests where the question of burden turned on disputed volume. Here, the Subpoenas' irrelevance and overbreadth are apparent on their face: requesting "all" public statements on "Hamas, Israel, Palestine, Gaza, antisemitism, terrorism, SJP, [and] anti-Zionism" from the nation's leading anti-antisemitism organization sweeps in matters with no conceivable connection to Plaintiffs. No declaration is needed to demonstrate that compliance with such requests would be unduly burdensome. *See, e.g.*, *Extremity Medical*, 2026 U.S. Dist. LEXIS 123565, at *11-12 (holding that non-party "would be inherently unduly burdened if forced to comply with Subpoenas seeking information otherwise available or irrelevant").

Moreover, the burden on these Non-Parties is unjustified because, as demonstrated above, any relevant materials are available from Dr. Crow and ASU through party discovery. "[A] non-party subpoena seeking [documents available from a party] places an undue burden on a non-party." *Mi Familia Vota*, 343 F.R.D. at 95. Like here, where non-

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555

party discovery is duplicative of party discovery, *any* burden on the non-party tips the scale toward quashing. *See Roosevelt Irrigation Dist. v. Salt River Project Agric. Improvement & Power Dist.*, No. 2:10-CV-00290-DAE-BGM, 2016 U.S. Dist. LEXIS 5674, at *68 (D. Ariz. 2016) ("If the sought-after documents are not relevant nor calculated to lead to the discovery of admissible evidence, then *any burden whatsoever* imposed upon a non-party would be by definition 'undue.'") (cleaned up) (emphasis in original).

### Conclusion

The "special consideration" owed to nonparties under Rule 45 exists precisely because they are not parties and have not been afforded the procedural protections that come with that status. *See Dart Industries Co., Inc. v. Westwood Chemical Co.*, 649 F.2d 646, 649 (9th Cir. 1980). Here, Plaintiffs fall far short of presenting sufficient reasons to overcome this special consideration. For the foregoing reasons, and for the reasons set forth in the Motion, this Court should grant the Motion and issue an order quashing the Subpoenas.

DATED this 10th day of July 2026.

BALLARD SPAHR LLP

By: /s/ *Matthew E. Kelley*
David J. Bodney
Matthew E. Kelley
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555

*Attorneys for Non-Parties Jonathan Greenblatt and the Anti-Defamation League*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of July, 2026, I electronically submitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel of record.

I further certify that a copy of the foregoing was sent via e-mail and first class mail this same date to:

David Chami
Michael Yancey
CONSUMER ATTORNEYS, PLC
8095 North 85th Way
Scottsdale, AZ 85258
dchami@consumerattorneys.com
myancey@consumerattorneys.com

*Attorneys for Plaintiffs*

Austin Clark Yost
Keith Beauchamp
COPPERSMITH BROCKELMAN PLC
2800 North Central Avenue
Suite 1900
Phoenix, AZ 85004
ayost@cblawyers.com
kbeauchamp@cblawyers.com

*Attorneys for Defendants Michael Crow
and Arizona Board of Regents*

By: */s/ Christina M. Kinsey*