Keith Beauchamp (012434)
Austin C. Yost (034602)
Andrew T. Fox (034581)
Kelleen Mull (036517)
**COPPERSMITH BROCKELMAN PLC**
2800 North Central Avenue, Suite 1900
Phoenix, Arizona 85004
T: (602) 381-5485
kbeauchamp@cblawyers.com
ayost@cblawyers.com
afox@cblawyers.com
kmull@cblawyers.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Aida Esmeralda Campos, et al.,<br>Plaintiffs,<br>v.<br>Arizona Board of Regents, et al.,<br>Defendants. | No. 2:24-CV-00987-JJT<br><br>**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT IN *HERMAN, ET AL. V. CROW, ET AL.*, CASE NO. CV-26-05282** |

Defendants Michael Crow, Daniel Drane III, Regina Matos, Rebecca Umlauf, Adam Hughes, and Joanne Vogel answer Plaintiffs' Complaint as follows:[1]

**Introduction**

1. Defendants deny the allegations in Paragraph 1.

2. Defendants deny the allegations in Paragraph 2.

3. Defendants admit that (i) ASU's Office of Student Rights and Responsibilities investigated Plaintiffs in connection with their participation in an unauthorized encampment on ASU's Tempe campus in April 2024 and their refusal to leave voluntarily when ordered to do so; (ii) on or around July 31, 2024, ASU's Deans of

[1] The Complaint is located at Doc. 1 in *Herman, et al. v. Crow, et al.*, Case No. 2:26-CV-05282 (D. Ariz.), which the Court consolidated with this case. [Doc. 222 at 2]

Students issued decision letters in which they concluded, based on the totality of the circumstances and a more-likely-than-not standard of proof, that Plaintiffs violated the Student Code of Conduct; (iii) ASU's Deans of Students suspended Plaintiffs through August 16, 2024; (iv) during their suspensions, Plaintiffs were denied access to university property, were ineligible for admission, enrollment, readmission, or re-enrollment at Arizona's public universities, and had an administrative hold placed on their records; (v) effective August 7, 2024, ASU's Deans of Students placed Plaintiffs on administrative probation, which was to conclude on the later of (a) two years after their suspensions ended or (b) the completion of the conditions for their return; and (vi) ASU's Deans of Students required Plaintiffs to complete a Choices Exercise and a Reflection Paper as conditions for their return. Defendants deny the remaining allegations in Paragraph 3.

4. Defendants admit that (i) ASU's Office of Student Rights and Responsibilities investigated Plaintiffs in connection with their participation in an unauthorized encampment on ASU's Tempe campus in April 2024 and their refusal to leave voluntarily when ordered to do so; (ii) ASU's Deans of Students considered the evidence and concluded, based on the totality of the circumstances and a more-likely-than-not standard of proof, that Plaintiffs violated the Student Code of Conduct; (iii) ASU's Deans of Students suspended Plaintiffs through August 16, 2024; (iv) Plaintiffs had an opportunity to appeal their suspensions to ASU's University Hearing Board, which acts in a judicial capacity; and (v) Plaintiffs did not appeal their suspensions to ASU's University Hearing Board. Defendants deny the remaining allegations in Paragraph 4.

5. Defendants deny the allegations in Paragraph 5.

6. Defendants deny the allegations in Paragraph 6.

**Jurisdiction and Venue**

7. Defendants do not dispute that Plaintiffs asserted First Amendment retaliation claims against them under 42 U.S.C. § 1983 and that this Court has subject-matter jurisdiction over those claims under 28 U.S.C. § 1331. Defendants deny that they violated Plaintiffs' First Amendment rights or that Plaintiffs are entitled to any relief.

8. Defendants do not dispute that this Court, "upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). Nor do Defendants dispute that further "necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." 28 U.S.C. § 2202. Defendants deny that Plaintiffs are entitled to any relief—declaratory or otherwise.

9. Defendants do not dispute that venue is proper in this District under 28 U.S.C. § 1391(b). Defendants deny the remaining allegations in Paragraph 9.

10. Defendants do not dispute that this Court has personal jurisdiction over them for the claims in Plaintiffs' Complaint. Defendants admit that they reside in Arizona and work for ASU. Defendants deny the remaining allegations in Paragraph 10.

**Parties**

11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11.

12. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12.

13. Defendants admit that Michael Crow is ASU's President. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13.

14. Defendants admit that (i) Daniel Drane III was ASU's Dean of Students for the Polytechnic campus at the relevant times, including April through July 2024; (ii) on or around July 31, 2024, ASU's Deans of Students issued decision letters in which they concluded, based on the totality of the circumstances and a more-likely-than-not standard of proof, that Plaintiffs violated the Student Code of Conduct; and (iii) Mr. Drane signed the decision letters issued to Plaintiffs along with Regina Matos (ASU's Dean of Students for the West Valley campus). Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14.

15. Defendants admit that (i) Regina Matos is ASU's Dean of Students for the West Valley campus; (ii) on or around July 31, 2024, ASU's Deans of Students issued decision letters in which they concluded, based on the totality of the circumstances and a more-likely-than-not standard of proof, that Plaintiffs violated the Student Code of Conduct; and (iii) Dr. Matos signed the decision letters issued to Plaintiffs along with Daniel Drane III (ASU's Dean of Students for the Polytechnic campus at the relevant times, including April through July 2024). Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15.

16. Defendants admit that Rebecca Umlauf was a Senior Case Investigator within ASU's Office of Student Rights and Responsibilities at the relevant times, including April through July 2024. Defendants also admit that Ms. Umlauf (i) investigated the allegations involving Plaintiff Charles Herman arising from Herman's participation in an unauthorized encampment on ASU's Tempe campus in April 2024 and Herman's refusal to leave voluntarily when ordered to do so; (ii) prepared an investigative report related to those allegations; (iii) received Herman's response to the investigative report; and (iv) uploaded the investigative report and Herman's response to the investigative report to Maxient, ASU's secure, centralized, record-keeping platform for student disciplinary proceedings. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16.

17. Defendants admit that Adam Hughes was a Senior Case Investigator within ASU's Office of Student Rights and Responsibilities at the relevant times, including April through July 2024. Defendants also admit that Mr. Hughes (i) investigated the allegations involving Plaintiff Han Gia "Heather" Nguyen arising from Nguyen's participation in an unauthorized encampment on ASU's Tempe campus in April 2024 and Nguyen's refusal to leave voluntarily when ordered to do so; (ii) prepared an investigative report related to those allegations; (iii) received Nguyen's response to the investigative report; and (iv) uploaded the investigative report and Nguyen's response to the investigative report to Maxient, ASU's secure, centralized, record-keeping platform for student disciplinary

proceedings. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17.

18. Defendants admit that Joanne Vogel is ASU's Vice President of Student Services with Educational Outreach and Student Services and that Dr. Vogel oversees, among other things, ASU's Dean of Students Office, student clubs and organizations, student advocacy, and student conduct. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18.

19. Defendants admit that they acted within the course and scope of their employment at ASU. Defendants deny the remaining allegations in Paragraph 19.

**Facts**[2]

20. Defendants admit that on April 26, 2024, Plaintiffs and other protesters participated in an unauthorized encampment on ASU's Tempe campus and some protesters expressed pro-Palestinian views. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20.

21. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

23. Defendants admit that on April 26, 2024, Plaintiffs and other protesters participated in an unauthorized encampment on ASU's Tempe campus and some protesters expressed pro-Palestinian views. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23.

24. Defendants admit that other people—besides people who participated in the unauthorized encampment—were present on or around the Alumni Lawn on ASU's Tempe campus on April 26, 2024. On information and belief, some of those other people

---

[2] The Complaint includes headings over various factual allegations. [*See* Doc. 1 at 4, 5, 6, 8, 10, 11, 12, 13] The headings do not themselves allege facts for which a response is required. If a response is required, then Defendants deny the allegations.

were pro-Israel counterprotesters and fraternity members. In any event, those people did not participate in an unauthorized encampment or refuse to leave voluntarily when ordered to do so. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24.

25. Defendants admit that on or around April 26 or 27, 2024, Plaintiffs were arrested for third-degree criminal trespass because they refused to leave ASU's Tempe campus voluntarily when ordered to do so. Defendants also admit that ASU's Office of Student Rights and Responsibilities imposed interim actions on Plaintiffs and that those interim actions included these statements: "Effective immediately, you are placed on Interim Suspension and are trespassed from all property owned, leased, operated, or under the control of ASU." Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25.

26. Defendants admit that on or around May 5, 2024, Nguyen submitted a Request to Contest Interim Action to ASU's Office of Student Rights and Responsibilities in which Nguyen asserted that Nguyen was not an organizer, Nguyen arrived at the protest around 11:00pm with a cell phone, Nguyen believed that the protest was peaceful, and Nguyen was supposed to participate in the School of Social Transformation's APACE Academy as a peer mentor. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26.

27. Defendants admit that Nguyen's Request to Contest Interim Action contested the interim actions that ASU's Office of Student Rights and Responsibilities imposed on Nguyen. Defendants deny the remaining allegations in Paragraph 27.

28. Defendants admit that Nguyen's May 5, 2024, Request to Contest Interim Action was routed to Dawn Russo (the Director of ASU's Office of Student Rights and Responsibilities at the relevant times, including April through July 2024) and copied to Mr. Hughes. Defendants also admit that Nguyen expressed pro-Palestinian views in the May 5, 2024, Request to Contest Interim Action and that Nguyen contested the interim

actions that ASU's Office of Student Rights and Responsibilities imposed on Nguyen. Defendants deny the remaining allegations in Paragraph 28.

29. Defendants admit that on or around July 9, 2024, Mr. Hughes informed Nguyen that an investigative report for Nguyen's case was available and that Nguyen had the right to review the investigative report and submit a response to Mr. Hughes by 1:35pm on July 12, 2024. Defendants deny the remaining allegations in Paragraph 29.

30. Defendants admit that on or around July 12, 2024, at 11:00am, Nguyen sent Mr. Hughes an email with the subject line "Report Response" in which Nguyen asserted that Nguyen had no intent to camp on ASU's Tempe campus and Nguyen made a "stated effort" to not speak to police officers. Defendants also admit that Nguyen acknowledged that Nguyen "could see how the police could perceive [Nguyen's] actions as refusal to leave," Nguyen's "arms were linked with those at the center of the lawn," and Nguyen's "legs were entangled as well." Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30.

31. Defendants admit that on or around July 12, 2024, at 11:00am, Nguyen sent Mr. Hughes an email with the subject line "Report Response" in which Nguyen asserted that Nguyen has "auditory processing issues" related to Nguyen's "ADHD, which is documented with SAILS." Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31.

32. Defendants deny the allegations in Paragraph 32.

33. Defendants admit that on or around July 9, 2024, Ms. Umlauf informed Herman that an investigative report for Herman's case was available and that Herman had the right to review the investigative report and submit a response to Ms. Umlauf by 11:59pm on July 12, 2024 (which was extended to 11:59pm on July 16, 2024). Defendants deny the remaining allegations in Paragraph 33.

34. Defendants admit that on or around July 15, 2024, at 12:44am, Herman sent Ms. Umlauf an email with the subject line "Re: Correspondence for Case" in which Herman asserted that he had not received a "student handbook," he "linked arms" with

other protesters to “keep [his] body safe” and not to “resist an arrest,” and he was “peaceful” during his arrest. Defendants deny the remaining allegations in Paragraph 34.

35. Defendants deny the allegations in Paragraph 35.

36. Defendants admit that Ms. Umlauf received the email that Herman sent to her on or around July 15, 2024, at 12:44am with the subject line “Re: Correspondence for Case.” Defendants deny the remaining allegations in Paragraph 36.

37. Defendants deny the allegations in Paragraph 37.

38. Defendants deny the allegations in Paragraph 38.

39. Defendants deny the allegations in Paragraph 39.

40. Defendants admit that Ms. Umlauf (i) investigated the allegations involving Herman arising from Herman’s participation in an unauthorized encampment on ASU’s Tempe campus in April 2024 and Herman’s refusal to leave voluntarily when ordered to do so; (ii) prepared an investigative report related to those allegations; (iii) received Herman’s response to the investigative report; (iv) did not amend the investigative report in light of Herman’s assertions in the email that Herman sent on or around July 15, 2024, at 12:44am with the subject line “Re: Correspondence for Case”; and (v) uploaded the investigative report and Herman’s response to the investigative report to Maxient, ASU’s secure, centralized, record-keeping platform for student disciplinary proceedings. Defendants deny the remaining allegations in Paragraph 40.

41. Defendants admit that Ms. Umlauf (i) investigated the allegations involving Herman arising from Herman’s participation in an unauthorized encampment on ASU’s Tempe campus in April 2024 and Herman’s refusal to leave voluntarily when ordered to do so; (ii) prepared an investigative report related to those allegations; (iii) received Herman’s response to the investigative report; and (iv) uploaded the investigative report and Herman’s response to the investigative report to Maxient, ASU’s secure, centralized, record-keeping platform for student disciplinary proceedings. Defendants also admit that ASU’s Deans of Students who decided to suspend Herman had access to Herman’s case in Maxient. Defendants deny the remaining allegations in Paragraph 41.

42. Defendants admit that Mr. Hughes (i) investigated the allegations involving Nguyen arising from Nguyen's participation in an unauthorized encampment on ASU's Tempe campus in April 2024 and Nguyen's refusal to leave voluntarily when ordered to do so; (ii) prepared an investigative report related to those allegations; (iii) received Nguyen's response to the investigative report; (iv) did not amend the investigative report in light of Nguyen's assertions in the email that Nguyen sent on or around July 12, 2024, at 11:00am with the subject line "Report Response"; and (v) uploaded the investigative report and Nguyen's response to the investigative report to Maxient, ASU's secure, centralized, record-keeping platform for student disciplinary proceedings. Defendants deny the remaining allegations in Paragraph 42.

43. Defendants admit that Mr. Hughes (i) investigated the allegations involving Nguyen arising from Nguyen's participation in an unauthorized encampment on ASU's Tempe campus in April 2024 and Nguyen's refusal to leave voluntarily when ordered to do so; (ii) prepared an investigative report related to those allegations; (iii) received Nguyen's response to the investigative report; and (iv) uploaded the investigative report and Nguyen's response to the investigative report to Maxient, ASU's secure, centralized, record-keeping platform for student disciplinary proceedings. Defendants also admit that ASU's Deans of Students who decided to suspend Nguyen had access to Nguyen's case in Maxient. Defendants deny the remaining allegations in Paragraph 43.

44. Defendants deny the allegations in Paragraph 44.

45. Defendants admit that the investigative reports for Plaintiffs identified ABOR Policy 5-308(F)(4) as a potential Student Code of Conduct violation for "[v]iolation of, or attempt to violate, other rules that may be adopted by the board or by the university" as well as ASU's FAC 115. Defendants also admit that ASU's Deans of Students issued decision letters in which they concluded, based on the totality of the circumstances and a more-likely-than-not standard of proof, that Plaintiffs violated the Student Code of Conduct, including ABOR Policy 5-308(F)(4) and ASU's FAC 115. Defendants deny the remaining allegations in Paragraph 45.

46. Defendants deny the allegations in Paragraph 46.

47. Defendants admit that on April 22, 2024, the CEO and National Director of the Anti-Defamation League emailed Dr. Crow and Dr. Vogel. The email included these statements: "As ADL has been urging for months, when students violate campus policies or the law, there must be clear and immediate consequences. Members of the campus community must understand that while speech may be protected on campus, violations of time, place and manner restrictions – restrictions that are often necessary to ensure campus safety – are not." Defendants deny the remaining allegations in Paragraph 47.

48. Defendants admit that on April 22, 2024, the CEO and National Director of the Anti-Defamation League emailed Dr. Crow and Dr. Vogel. The email included these statements: "As ADL has been urging for months, when students violate campus policies or the law, there must be clear and immediate consequences. Members of the campus community must understand that while speech may be protected on campus, violations of time, place and manner restrictions – restrictions that are often necessary to ensure campus safety – are not." Defendants deny the remaining allegations in Paragraph 48.

49. Defendants admit that on April 22, 2024, the CEO and National Director of the Anti-Defamation League emailed Dr. Crow and Dr. Vogel. The email included these statements: "As ADL has been urging for months, when students violate campus policies or the law, there must be clear and immediate consequences. Members of the campus community must understand that while speech may be protected on campus, violations of time, place and manner restrictions – restrictions that are often necessary to ensure campus safety – are not." Defendants deny the remaining allegations in Paragraph 49.

50. Defendants admit that on April 22, 2024, the CEO and National Director of the Anti-Defamation League emailed Dr. Crow and Dr. Vogel. The email included these statements: "As ADL has been urging for months, when students violate campus policies or the law, there must be clear and immediate consequences. Members of the campus community must understand that while speech may be protected on campus, violations of time, place and manner restrictions – restrictions that are often necessary to ensure

campus safety – are not.” Defendants also admit that April 22, 2024, preceded April 26, 2024. Defendants deny the remaining allegations in Paragraph 50.

51. Defendants deny the allegations in Paragraph 51.

52. Defendants deny the allegations in Paragraph 52.

53. Defendants deny the allegations in Paragraph 53.

54. Defendants deny the allegations in Paragraph 54.

55. Defendants admit that (i) ASU’s Office of Student Rights and Responsibilities investigated Plaintiffs in connection with their participation in an unauthorized encampment on ASU’s Tempe campus in April 2024 and their refusal to leave voluntarily when ordered to do so; (ii) on or around July 31, 2024, ASU’s Deans of Students issued decision letters in which they concluded, based on the totality of the circumstances and a more-likely-than-not standard of proof, that Plaintiffs violated the Student Code of Conduct; (iii) ASU’s Deans of Students suspended Plaintiffs through August 16, 2024; (iv) during their suspensions, Plaintiffs were denied access to university property, were ineligible for admission, enrollment, readmission, or re-enrollment at Arizona’s public universities, and had an administrative hold placed on their records; (v) effective August 7, 2024, ASU’s Deans of Students placed Plaintiffs on administrative probation, which was to conclude on the later of (a) two years after their suspensions ended or (b) the completion of the conditions for their return; and (vi) ASU’s Deans of Students required Plaintiffs to complete a Choices Exercise and a Reflection Paper as conditions for their return. Defendants deny the remaining allegations in Paragraph 55.

56. Defendants deny the allegations in Paragraph 56.

57. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57.

58. Defendants deny the allegations in Paragraph 58.

59. Defendants admit that on April 22, 2024, the CEO and National Director of the Anti-Defamation League emailed Dr. Crow and Dr. Vogel. The email included these statements: “As ADL has been urging for months, when students violate campus policies

or the law, there must be clear and immediate consequences. Members of the campus community must understand that while speech may be protected on campus, violations of time, place and manner restrictions – restrictions that are often necessary to ensure campus safety – are not." Defendants also admit that (i) Dr. Vogel is ASU's Vice President of Student Services with Educational Outreach and Student Services; (ii) Dr. Vogel oversees, among other things, ASU's Dean of Students Office, student clubs and organizations, student advocacy, and student conduct; and (iii) ASU's Deans of Students issued decision letters in which they concluded, based on the totality of the circumstances and a more-likely-than-not standard of proof, that Plaintiffs violated the Student Code of Conduct. Defendants deny the remaining allegations in Paragraph 59.

60. Defendants deny the allegations in Paragraph 60.

61. Defendants deny the allegations in Paragraph 61.

62. Defendants admit that on or around July 31, 2024, ASU's Deans of Students (Mr. Drane and Dr. Matos) issued decision letters in which they concluded, based on the totality of the circumstances and a more-likely-than-not standard of proof, that Plaintiffs violated the Student Code of Conduct, including ABOR Policy 5-308(F)(4) and ASU's FAC 115. Defendants deny the remaining allegations in Paragraph 62.

63. Defendants admit that, in connection with issuing the July 31, 2024, decision letters, ASU's Deans of Students (Mr. Drane and Dr. Matos) (i) exercised judgment; (ii) considered the evidence; (iii) concluded, based on the totality of the circumstances and a more-likely-than-not standard of proof, that Plaintiffs violated the Student Code of Conduct; and (iv) selected and imposed sanctions, additional outcomes, and conditions for return on Plaintiffs. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 63.

64. Defendants admit that the sanctions, additional outcomes, and conditions for return imposed on Plaintiffs were not "automatic or inevitable consequences" of Plaintiffs' arrests for criminal trespassing. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 64.

65. Defendants deny the allegations in Paragraph 65.

66. Defendants deny the allegations in Paragraph 66.

67. Defendants deny the allegations in Paragraph 67.

68. Defendants admit that (i) on or around July 31, 2024, ASU's Deans of Students (Mr. Drane and Dr. Matos) suspended Plaintiffs through August 16, 2024; (ii) during their suspensions, Plaintiffs were denied access to university property, were ineligible for admission, enrollment, readmission, or re-enrollment at Arizona's public universities, and had an administrative hold placed on their records; (iii) effective August 7, 2024, Mr. Drane and Dr. Matos placed Plaintiffs on administrative probation, which was to conclude on the later of (a) two years after their suspensions ended or (b) the completion of the conditions for their return; and (iv) Mr. Drane and Dr. Matos required Plaintiffs to complete a Choices Exercise and a Reflection Paper as conditions for their return. Defendants deny the remaining allegations in Paragraph 68.

69. Defendants admit that on or around July 31, 2024, ASU's Deans of Students (Mr. Drane and Dr. Matos) issued decision letters to Plaintiffs that required Plaintiffs to complete a Choices Exercise as a condition for their return. Defendants also admit that the decision letters stated: "The Choices exercise provides an educational opportunity to students who participated in situations involving errors in judgment. Students will be challenged to think about their values and current decision-making style while considering if their behavior is congruent with their values and learning about various decision-making fallacies and styles. Refer to the Choices attachments in this email. The value cards are to be sorted and the reflective questions answered. Utilize your reflection and the answers to the questions on that handout. The answers should be well thought out and show that you took the time to do this exercise and gain something from it." Defendants deny the remaining allegations in Paragraph 69.

70. Defendants deny the allegations in Paragraph 70.

71. Defendants deny the allegations in Paragraph 71.

72. Defendants admit that (i) ASU's Office of Student Rights and Responsibilities investigated Plaintiffs in connection with their participation in an unauthorized encampment on ASU's Tempe campus in April 2024 and their refusal to leave voluntarily when ordered to do so; (ii) ASU's Office of Student Rights and Responsibilities prepared investigative reports related to those allegations, received Plaintiffs' responses to those investigative reports, and uploaded those investigative reports and Plaintiffs' responses to those investigative reports to Maxient, ASU's secure, centralized, record-keeping platform for student disciplinary proceedings; and (iii) ASU's Deans of Students who decided to suspend Plaintiffs had access to Plaintiffs' cases in Maxient. Defendants deny the remaining allegations in Paragraph 72.

73. Defendants deny the allegations in Paragraph 73.

74. Defendants admit that on or around July 31, 2024, Ms. Russo sent Herman a letter in which she stated: "When determining the length of suspension appropriate for the conduct violations for which you were found responsible, the Dean of Students took into account the length of your interim suspension. As such, your full suspension period is considered to have begun retroactively on the date you were placed on interim suspension. This does not change your right to appeal. An appeal will suspend the imposition of the suspension as stated in the Student Code of Conduct procedures. However, as also stated in those procedures, an appeal does not impact your interim suspension, which, in the event of an appeal, remains in effect until the appeal process is concluded." Defendants deny the remaining allegations in Paragraph 74.

75. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75.

76. Defendants admit that ASU's Office of Student Rights and Responsibilities maintains the July 31, 2024, decision letters in which ASU's Deans of Students concluded, based on the totality of the circumstances and a more-likely-than-not standard of proof, that Plaintiffs violated the Student Code of Conduct. Defendants also admit that Plaintiffs had an opportunity to appeal their suspensions to ASU's University Hearing

Board, which acts in a judicial capacity, and Plaintiffs did not appeal their suspensions to ASU's University Hearing Board. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 76.

77. Defendants deny that ASU "assembled [a] prosecution record" for Plaintiffs' student disciplinary proceedings. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 77.

78. Defendants deny the allegations in Paragraph 78.

79. Defendants admit that ASU did not provide Plaintiffs a "pre-decision evidentiary hearing at which they could confront adverse witnesses and present their defenses to an impartial person or panel" before ASU's Deans of Students concluded, based on the totality of the circumstances and a more-likely-than-not standard of proof, that Plaintiffs violated the Student Code of Conduct. Defendants also admit that Plaintiffs had an opportunity to appeal their suspensions to ASU's University Hearing Board, which acts in a judicial capacity, and Plaintiffs did not appeal their suspensions to ASU's University Hearing Board. Defendants deny the remaining allegations in Paragraph 79.

80. Defendants deny the allegations in Paragraph 80.

81. Defendants deny the allegations in Paragraph 81.

82. Defendants admit that on or around July 31, 2024, ASU's Deans of Students issued decision letters in which they concluded, based on the totality of the circumstances and a more-likely-than-not standard of proof, that Plaintiffs violated the Student Code of Conduct. Defendants also admit that ASU's Deans of Students did not decide in Plaintiffs' student disciplinary proceedings whether any ASU employee acted with "retaliatory motive." Defendants deny the remaining allegations in Paragraph 82.

83. Defendants deny the allegations in Paragraph 83.

84. Defendants deny the allegations in Paragraph 84.

85. Defendants admit that (i) on or around July 31, 2024, ASU's Deans of Students issued decision letters in which they concluded, based on the totality of the circumstances and a more-likely-than-not standard of proof, that Plaintiffs violated the

Student Code of Conduct; (ii) ASU's Deans of Students suspended Plaintiffs through August 16, 2024; (iii) during their suspensions, Plaintiffs were denied access to university property, were ineligible for admission, enrollment, readmission, or re-enrollment at Arizona's public universities, and had an administrative hold placed on their records; (iv) effective August 7, 2024, ASU's Deans of Students placed Plaintiffs on administrative probation, which was to conclude on the later of (a) two years after their suspensions ended or (b) the completion of the conditions for their return; and (v) ASU's Deans of Students required Plaintiffs to complete a Choices Exercise and a Reflection Paper as conditions for their return. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 85.

86. Defendants admit that (i) on or around July 31, 2024, ASU's Deans of Students issued decision letters in which they concluded, based on the totality of the circumstances and a more-likely-than-not standard of proof, that Plaintiffs violated the Student Code of Conduct; (ii) ASU's Deans of Students suspended Plaintiffs through August 16, 2024; (iii) during their suspensions, Plaintiffs were denied access to university property, were ineligible for admission, enrollment, readmission, or re-enrollment at Arizona's public universities, and had an administrative hold placed on their records; (iv) effective August 7, 2024, ASU's Deans of Students placed Plaintiffs on administrative probation, which was to conclude on the later of (a) two years after their suspensions ended or (b) the completion of the conditions for their return; and (v) ASU's Deans of Students required Plaintiffs to complete a Choices Exercise and a Reflection Paper as conditions for their return. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 86.

87. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87.

88. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88.

89. Defendants admit that ASU's Office of Student Rights and Responsibilities maintains the July 31, 2024, decision letters in which ASU's Deans of Students concluded, based on the totality of the circumstances and a more-likely-than-not standard of proof, that Plaintiffs violated the Student Code of Conduct. Defendants deny that Plaintiffs are entitled to any relief. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 89.

90. Defendants deny the allegations in Paragraph 90.

**Count I**

91. Defendants incorporate their responses to all the above allegations.

92. Defendants deny the allegations in Paragraph 92.

93. Defendants admit that on or around July 31, 2024, ASU's Deans of Students issued decision letters in which they concluded, based on the totality of the circumstances and a more-likely-than-not standard of proof, that Plaintiffs violated the Student Code of Conduct. Defendants also admit that Mr. Drane and Dr. Matos signed the decision letters and selected and imposed sanctions, additional outcomes, and conditions for return on Plaintiffs. Defendants deny the remaining allegations in Paragraph 93.

94. Defendants deny the allegations in Paragraph 94.

95. Defendants deny the allegations in Paragraph 95.

96. Defendants deny the allegations in Paragraph 96.

97. Defendants deny the allegations in Paragraph 97.

98. Defendants deny the allegations in Paragraph 98.

**Count II**

99. Defendants incorporate their responses to all the above allegations.

100. Defendants deny the allegations in Paragraph 100.

101. Defendants admit that Ms. Umlauf (i) investigated the allegations involving Herman arising from Herman's participation in an unauthorized encampment on ASU's Tempe campus in April 2024 and Herman's refusal to leave voluntarily when ordered to do so; (ii) prepared an investigative report related to those allegations; (iii) received

Herman's response to the investigative report; and (iv) uploaded the investigative report and Herman's response to the investigative report to Maxient, ASU's secure, centralized, record-keeping platform for student disciplinary proceedings. Defendants deny the remaining allegations in Paragraph 101.

102. Defendants deny the allegations in Paragraph 102.

103. Defendants deny the allegations in Paragraph 103.

104. Defendants deny the allegations in Paragraph 104.

105. Defendants deny the allegations in Paragraph 105.

106. Defendants deny the allegations in Paragraph 106.

**Count III**

107. Defendants incorporate their responses to all the above allegations.

108. Defendants deny the allegations in Paragraph 108.

109. Defendants admit that Mr. Hughes (i) investigated the allegations involving Nguyen arising from Nguyen's participation in an unauthorized encampment on ASU's Tempe campus in April 2024 and Nguyen's refusal to leave voluntarily when ordered to do so; (ii) prepared an investigative report related to those allegations; (iii) received Nguyen's response to the investigative report; and (iv) uploaded the investigative report and Nguyen's response to the investigative report to Maxient, ASU's secure, centralized, record-keeping platform for student disciplinary proceedings. Defendants deny the remaining allegations in Paragraph 109.

110. Defendants deny the allegations in Paragraph 110.

111. Defendants deny the allegations in Paragraph 111.

112. Defendants deny the allegations in Paragraph 112.

113. Defendants deny the allegations in Paragraph 113.

114. Defendants deny the allegations in Paragraph 114.

115. Defendants deny the allegations in Paragraph 115.

**Count IV**

116. Defendants incorporate their responses to all the above allegations.

117. Defendants admit that on April 22, 2024, the CEO and National Director of the Anti-Defamation League emailed Dr. Crow and Dr. Vogel. The email included these statements: "As ADL has been urging for months, when students violate campus policies or the law, there must be clear and immediate consequences. Members of the campus community must understand that while speech may be protected on campus, violations of time, place and manner restrictions – restrictions that are often necessary to ensure campus safety – are not." Defendants deny the remaining allegations in Paragraph 117.

118. Defendants deny the allegations in Paragraph 118.

119. Defendants deny the allegations in Paragraph 119.

120. Defendants deny the allegations in Paragraph 120.

121. Defendants deny the allegations in Paragraph 121.

122. Defendants deny the allegations in Paragraph 122.

123. Defendants deny the allegations in Paragraph 123.

124. Defendants deny the allegations in Paragraph 124.

**Count V**

125. Defendants incorporate their responses to all the above allegations.

126. Defendants admit that ASU's Office of Student Rights and Responsibilities maintains the July 31, 2024, decision letters in which ASU's Deans of Students concluded, based on the totality of the circumstances and a more-likely-than-not standard of proof, that Plaintiffs violated the Student Code of Conduct. Defendants deny the remaining allegations in Paragraph 126.

127. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127.

128. Defendants deny the allegations in Paragraph 128.

129. Defendants deny the allegations in Paragraph 129.

**General Denial**

130. Defendants deny every allegation in the Complaint that they have not specifically admitted here. Defendants also deny that Plaintiffs are entitled to any relief.

**Affirmative Defenses**

1. The Complaint fails to state a claim on which relief can be granted.

2. Plaintiff Charles Herman was charged with third-degree criminal trespass. If or when Herman is convicted, the U.S. Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), will bar his claims. The same case and principles will bar Plaintiff Han Gia "Heather" Nguyen's claims in the event that Nguyen is charged and convicted.

3. Administrative res judicata, collateral estoppel, claim preclusion, issue preclusion, and waiver bar Plaintiffs' claims.

4. Plaintiffs failed to mitigate their damages by not availing themselves of all the procedures afforded to them in their disciplinary proceedings.

5. The statute of limitations bars Plaintiffs' claims.

6. Equitable doctrines, including unclean hands, bar Plaintiffs' request for injunctive relief.

7. Defendants are entitled to qualified immunity under federal law.

**WHEREFORE**, having answered the Complaint, Defendants request that this Court enter judgment for Defendants and against Plaintiffs as follows:

A. Dismiss the Complaint with prejudice;

B. Award Defendants their attorneys' fees and costs under any applicable statute, rule, or other legal authority; and

C. Award Defendants such other relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED this 2nd day of October, 2026.

**COPPERSMITH BROCKELMAN PLC**

By s/ Austin C. Yost
Keith Beauchamp
Austin C. Yost
Andrew T. Fox
Kelleen Mull

*Attorneys for Defendants*